JOICE v. BRANSON, *Appellant.*

1. **Husband not a Competent Witness, when.** When the wife is the substantial party to a suit her husband is not a competent witness.

2. **Damages, Punitory and Compensatory.** EVIDENCE. Evidence of the circumstances under which an assault was committed, is admissible, either in aggravation or in mitigation of damages; not to excuse defendant from making full compensation for any actual injury he has inflicted, but for the purpose of showing either that circumstances of malice, gross outrage, oppression or insult did or did not accompany the act. If there were no such circumstances, compensatory damages only can be recovered; and if such damages only are asked, the motive of the defendant is wholly immaterial and can have no bearing on the amount of recovery.

*Appeal from Phelps Circuit Court.* — HON. V. B. HILL, Judge.

REVERSED.

*L. F. Parker* for appellant.

SHERWOOD, C. J.—Action for damages alleged to have been caused by an assault and battery on plaintiff, Nicey L. Joice, the wife of her co-plaintiff, Wm. Joice. It was alleged that an abortion resulted from the injury caused by the battery. The answer was a general denial.

I.

The husband was properly joined with the wife as co-plaintiff, and this because the statute requires it. R. S. 1879, § 3468; *Edmonson v. Phillips,* decided present term. The wife was, however, the substantial party to the suit, and was competent as a witness in her own behalf. *Har-*

*riman v. Stowe*, 57 Mo. 93; *Owen v. Brockschmidt*, 54 Mo. 285; *Evers v. Life Association*, 59 Mo. 429. The husband was, however, clearly incompetent as a witness, and error was committed in permitting him to testify. In circumstances like those presented in the case at bar, the statute has not modified the common law. *Paul v. Leavitt*, 53 Mo. 595.

## II.

As the case must be retried for the error just mentioned, it is unnecessary to consider in detail the other errors assigned, except, perhaps, to say this, that we regard evidence of the circumstances in which the alleged injury occurred as admissible either in aggravation or else mitigation of damages; not, indeed, to excuse the defendant from making full compensation for any actual injury he has inflicted, but for the purpose of showing either that circumstances of malice, gross outrage, oppression or insult accompanied or did not accompany, the act complained of. If the defendant was actuated by no malicious motives, and his act was not attended by any of the circumstances just mentioned, compensatory damages only would be recoverable. Field on Damages, §§ 23, 25, 26, 69, 70, 71, 116; Cooley on Torts, 692, 694; 2 Greenleaf Ev., §§ 270, 272. If damages of that class alone are asked the motive of the defendant is wholly immaterial, and can have no bearing on the amount of the recovery. The judgment is reversed and the cause remanded. All concur.