State v. Tatlow.

THE STATE v. TATLOW, *Appellant*.

Division Two, January 19, 1897.

1. **Criminal Practice**: CONTINUANCE. The action of the trial court in denying a continuance will not be reversed unless it appears it abused its discretion in so doing.

2. ———: CHANGE OF VENUE: STATUTE. The act of the legislature approved March 18, 1895 (Acts, p. 162), relating to changes of venue in criminal cases and which imposes on the defendant the burden of proving the truth of the matters stated in the application affects the procedure only and therefore applies to cases pending at the time it took effect.

3. ———: ———: ———. The application for the change of venue supported by the affidavit of the petitioner and of two credible disinterested citizens of the county where the cause is pending as required by said act does not make a *prima facie* case for granting the change; the applicant must further prove the facts stated in the application to the satisfaction of the court by legal and competent evidence.

4. ———: ALIBI: INSTRUCTION. An instruction which casts on the defendant the burden of establishing an *alibi* is erroneous.

5. ———: CONFLICTING INSTRUCTIONS. An erroneous instruction is not cured by one in conflict with it stating the law correctly.

*Appeal from Greene Criminal Court.*—HON. J. J. GIDEON, Judge.

REVERSED AND REMANDED.

State v. Tatlow.

*T. J. Delaney*, *Perry T. Allen*, and *W. D. Tatlow* for appellant.

(1) The defendant's application for a continuance should have been sustained. *State v. Maddox*, 117 Mo. 667; *State v. Lowe*, 98 Mo. 609; *State v. Dawson*, 90 Mo. 149. (2) Defendant was entitled to a change of venue under the law as it stood at the time he was charged with committing the crime. *Kring v. Missouri*, 107 U. S. 221; *Duncan v. Missouri*, 152 U. S. 377. (3) The court erred in overruling the application for a change of venue even under the act of 1895. (4) The court erred in giving instruction number 3; it improperly imposed on defendant the burden of establishing an *alibi*. *State v. Taylor*, 118 Mo. 153; *State v. Harvey*, 131 Mo. 339; *State v. Woolard*, 111 Mo. 248; *State v. Howell*, 100 Mo. 628; *State v. Lewis*, 69 Mo. 92. (5) The foregoing instruction, numbered 3, is not cured by instruction numbered 4, which declares the law the other way. It is the law of this state that an erroneous instruction can not be cured by an instruction that flatly contradicts it, as the court has no means of determining which instruction the jury acted upon. *State v. Harold*, 97 Mo. 105; *State v. Cable*, 117 Mo. 380; *State v. McNally*, 87 Mo. 642; *State v. Sims*, 68 Mo. 305; *State v. Brumley*, 53 Mo. App. 126. The same rule applies in civil cases. *Frank v. Railroad*, 57 Mo. App. 180; *Redpath v. Lawrence*, 42 Mo. App. 101; *Norton v. Preston*, 110 Mo. 456.

*R. F. Walker*, attorney general, for the state.

(1) The granting of a continuance is addressed to the discretion of the trial court and in view of the two former continuances on defendant's application, the discretion can not be said to have been abused.

*State v. Good*, 132 Mo. 114. (2) The application for change of venue was not sufficient under the law of 1895, which was applicable. The indictment in this case was not preferred until July 29, 1895. This law was not *ex post facto* as to this case. *State v. Taylor*, 35 S. W. Rep. (Mo.) 97, and cases cited; Cooley's Const. Lim. [6 Ed.], 326, 327. (3) The defendant will not be heard to complain of the failure of the court to instruct the jury upon the law of the case, for the reason that he saved no exceptions to the action of the court in failing so to do at the time. *State v. Paxton*, 126 Mo. 500; *State v. Cantlin*, 118 Mo. 111. (4) The instructions given clearly define every issue presented by the indictment and the testimony, and rendered it unnecessary to give those asked by the defendant, which were neither proper in form nor correct declarations of the law.

BURGESS, J.—At the July term, 1895, of the criminal court of Greene county the grand jury of said county returned an indictment against defendant in which he was charged with burglarizing the store house of the Tune-Schneider Clothing Company (a corporation), at said county, on the twenty-fifth day of May, 1895, and stealing therefrom three suits of clothing of the value of $50. By agreement of parties the cause was continued on defendant's application to the ensuing November term, at which time the cause was again continued on his application until the March term, 1896. At that time defendant again made application for a continuance, which was overruled, and he duly excepted at the time. Thereafter, at the same time, and on the second day of April, 1896, defendant filed his application for a change of venue of said cause from said county, on the ground that the inhabitants of the county were so prejudiced against him that he

could not have a fair and impartial trial therein. The application was overruled and defendant saved his exceptions. He was then put upon his trial before the court and jury, was convicted of both burglary and larceny, and his punishment assessed at three years' imprisonment in the penitentiary for the burglary, and two years for the larceny. The case is before us for review upon defendant's appeal.

On the night of May 25, 1895, the storehouse of the Tune-Schneider Clothing Company in Springfield, Missouri, was burglarized, and three suits of men's clothes, and a pair of cuff buttons were stolen therefrom. The store was entered by raising a window which was found open the morning after the burglary. On the morning of the twenty-sixth the defendant took a coat, which was identified and shown to have been taken from the store of said company on the night of the burglary to one R. B. Bates, a second-hand dealer in Springfield, and sold it to him for $1. When defendant came to the second-hand store with the coat, he was wearing it over another coat. Later in the day he called again upon Bates, and then sold him a pair of cuff buttons, and a suit of clothes, which he was wearing over another suit; all of which were shown to be the property of the clothing company, and to have been stolen from them on the night of the burglary.

Defendant denied all knowledge of the burglary and larceny, that he sold the clothing to Bates, or that he was ever at his place of business. He testified in his own behalf, and in his evidence in chief stated that he had served one term in the penitentiary for grand larceny, had been twice arrested for petit larceny before that time, and once since; and on his cross-examination admitted that he had been three times convicted of petit larceny. There was also evidence in his behalf

tending to prove an *alibi*, and that he was at his father's house in Springfield the night of the burglary.

The first question for consideration is the action of the court in overruling defendant's application for a continuance. The case had been twice before, at consecutive terms of the court, continued on the application of defendant. At common law the refusal of a continuance by the trial court was not the subject of review, but the prevailing doctrine now is, that, although the trial court has a discretion over such matters, its action is the subject of review, and if it be made to appear that such discretion has been improvidently exercised, or abused, to the prejudice of the party making the application, the judgment will be reversed. *State v. Maddox*, 117 Mo. 667, and authorities cited. But the presumption is in favor of the ruling of the court, and, in order to justify a reversal, it devolves upon the defendant to show that the overruling of his application operated as a denial of justice.

The witnesses on account of whose absence the application for a continuance was made were all residents of the city of Springfield, and had defendant exercised proper diligence, knowing the case had twice before been continued on his application, he might have learned of their contemplated absence in time to have taken their depositions. More than ordinary diligence was required of him under the circumstances, which he does not seem to have exercised. The court had all of these facts before it, and we will not say that it committed an abuse of its discretion in overruling the application under the circumstances.

Defendant insists that his application for a change of venue should have been sustained, as it was in accordance with the requirements of section 4156, Revised Statutes, 1889, which was in force at the time the offense is alleged to have been committed, to wit, May 25, 1895, and by which it was governed, and not

by the act approved March 18, 1895 (Acts, 1895, page 162), which was in force at the time the application was made, to wit, April 2, 1896, and which imposed upon defendant the additional burden of proving to the satisfaction of the court by legal and competent evidence the truth of the allegations in the application. It ·is claimed by defendant that the law of 1895 is *ex post facto* as to this case.

This law only applies to the procedure in criminal cases, and in no way affected any vested rights of the defendant, and, therefore, is not unconstitutional, as an *ex post facto* law as regards crimes committed before the passage of the act. *State v. Taylor*, 134 Mo. 109.

But it is argued by defendant that even if the law of 1895 be held not to be *ex post facto* as to him that his application was good under that act and that when he submitted his application supported by the affidavit of two credible witnesses, he made out a *prima facie* case which entitled him to a change of venue in the absence of countervailing evidence.

This seems to us to be a misconception of that law. It not only requires the petition for change of venue to "be supported by the affidavit of the petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending," but it requires more, that is, that "the truth of the allegations shall be proved, to the satisfaction of the court, by legal and competent evidence." After such proof has been made the law provided that "the prosecuting attorney may offer evidence in rebuttal of that submitted in support of such application." It thus seems clear that defendant did not make out a *prima facie* case for the change by the mere presentation of his application supported by the affidavit of two citizens, and that the state was under no obligation to offer evidence in re-

buttal until he had offered other evidence in support of his application.

The third instruction given on the part of the state is criticised in that it is claimed that it placed the burden of proof in support of the defense of an *alibi* upon defendant. It is as follows:

"The court instructs the jury that if you believe and find from the evidence, that the defendant was not present at the place and time of the alleged burglary and larceny, but was elsewhere and at another and different place than where said burglary and larceny is stated to have taken place, then you will find the defendant not guilty. But the burden of proof is upon the defendant to show to the reasonable satisfaction of the jury that he was not present at the time and place of the alleged burglary and larceny; but it is not incumbent upon him to show this beyond a reasonable doubt, but only to the reasonable satisfaction of the jury."

It is clear from a casual reading of this instruction that it is not in accord with the more recent rulings of this court upon similar instructions. *State v. Harvey,* 131 Mo. 339; *State v. Taylor,* 118 Mo. 153; *State v. Woolard,* 111 Mo. 248; *State v. Howell,* 100 Mo. 628; *State v. Lewis,* 69 Mo. 92. It placed the burden upon defendant of establishing an *alibi,* while the burden rested upon the state to show his presence at the time and place where the burglary was committed.

While instruction numbered 4 given on behalf of the state was in direct conflict with instruction number 3 and contained a correct presentation of the law, it did not cure the vice of the other instruction. "An erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith." *State v. Cable,* 117 Mo. 380; *State v. Herrell,* 97 Mo. 105; *State v. McNally,* 87 Mo. 644.

State v. Tatlow.

It is impossible to tell under such circumstances which one of the instructions the jury adopted.

There was no error in the refusal of instruction number 1 asked by defendant, as instruction number 4 given upon the part of the state was in effect the same, and presented the same question equally fair to defendant. Nor was there error in refusing instruction number 2 asked by defendant.

The instructions given, with the exception of number 3, presented the case very fairly to the jury, and although criticised by defendant, seem to be free from substantial objection; but for the error in giving that instruction, the judgment is reversed and the cause remanded. All of this division concur.