# W. S. BERRYMAN, Respondent, v. S. W. COX, Appellant.

## Kansas City Court of Appeals, January 10, 1898.

1. **Assault and Battery:** DAMAGES: EVIDENCE AS TO PECUNIARY CIRCUMSTANCES. In an action for assault and battery punitive damages may be recovered, but where it is only intended to recover compensatory damages and the petition is so framed, evidence as to the pecuniary circumstances of the defendant is wholly irrelevant.

2. **Damages:** CONFLICTING INSTRUCTION. Where plaintiff's instruction allowed punitive damages and the petition only claimed compensatory damages, an instruction for the defendant confining the jury to compensatory damages is conflicting and will not cure the vice of the first instruction.

3. ———: ———: WITNESSES. Whenever the character of a witness for truth is attacked in any way, as by proving contradictory statements, the party introducing such witness may give evidence in support of his general reputation for truth and veracity.

4. ———: ———: MOTIVE. In an action for assault and battery, where compensatory damages only are claimed, the motive of the defendant in visiting the plaintiff is wholly immaterial.

5. ———: SELF-DEFENSE: BRINGING ON DIFFICULTY: INSTRUCTION. An instruction declaring that after defendant had brought on the difficulty by assaulting, etc., the mere fact of plaintiff's using opprobrious language would not justify the defendant in striking, etc., is not erroneous.

6. Trial Practice: ADDITIONAL INSTRUCTION AFTER CLOSE OF ARGUMENT. The giving of an instruction after the close of an argument directing the jury to disregard allusions made by counsel to a former difficulty is not timely, but on this record it can not be determined whether such action of the court was harmful or not.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*W. S. Pope* and *Edwards & Edwards* for appellant.

(1) The amended petition was filed November 18, 1895, and is defective in not stating separately the amount of damages asked. Acts of General Assembly, 1895, p. 168. And for the same reason the motion of appellant in arrest of judgment should have been sustained. The verdict was directly in the teeth of the statute. See acts above referred to. (2) And though the plaintiff announced in the beginning of the trial that it dismissed its action as to punitive damages, yet the court, over the objections of appellant, gave an instruction to the jury telling them to find punitive damages. This instruction is in direct conflict with instruction number 6, given on behalf of defendants. Instructions should harmonize. Do these? 77 Mo. 508; *Price v. R. R.*, 72 Mo. 612; *Stevenson v. Hancock*, 2 Mo. App. 295; *State v. Nanert*, 50 Mo. 472; *Goetz v. R. R.*, 42 Mo. App. 529; *Flynn v. Bridge Co.*, 42 Mo. App. 529. (3) "Smart money" can only be collected as punitive damages, and a proper case must be stated in the petition to entitle the plaintiff to recover it. It was not done in this case. *Beck v. Dowell*, 40 Mo.

App. 71; s. c., 111 Mo. 506; *Fulkerson v. Murdock,* 53 Mo. App. 151. (4) No demand for smart money in the petition, the evidence of pain and suffering, the defendant's financial condition, the exhibition of bloody clothes to the jury, were all wrong, improper and incompetent under the petition. Appellant had the right to show his purpose in going to see plaintiff the morning of the difficulty, not as defense to his action, but in mitigation of damages, and it was error to exclude such evidence from the jury. *Joice v. Branson,* 73 Mo. 28, and authorities there cited.

*I. W. Boulware* and *F. E. Luckett* for respondent.

(1) If only compensatory damages are asked, the motive of the defendant is wholly immaterial and can have no bearing on the amount of the recovery. *Joice v. Branson,* 73 Mo. 28, and authorities cited. Insulting epithets or opprobrious words will not justify an assault. *State v. Griffin,* 87 Mo. 608. In this case nothing but actual and compensatory damages were asked or given, and the recovery as shown was confined to the actual damages sustained. *Brick Co. v. Schoubacher,* 57 Mo. 582; *Merrill v. City of St. Louis,* 12 Mo. App. 466; Sedgwick on Damages, 639. (2) In actions like this, the jury, in estimating plaintiff's damages, may take into consideration the pecuniary condition of the parties. *Clemens v. Maloney,* 55 Mo. 352; *Bailey v. Houston,* 58 Mo. 361; *Beck v. Daniel,* 111 Mo. 506; Sedgwick on Damages, p. 638; *Gaither v. Bluross,* 11 Md. 536. Any injury whatsoever, be it ever so small, actually done to the person of another in an angry, rude or insolent manner, is a battery in the eye of the law. 1 Russell on Crimes, 1020; 1 Am. and Eng. Ency of Law, p. 784. (3) The instruction on punitive damages given by the court was the tail end of instruction number 5, and only instructed the

jury as to form of verdict. It could possibly have done no harm in view of the fact that no punitive damages had been asked, and no instruction had been given on that phase of the case. The only damages asked were actual damages, and the verdict was in proper form and responsive to the evidence.

SMITH, P. J.—This is a suit by the plaintiff against the defendant to recover damages for an alleged assault and wounding of the former by the latter.

The petition alleges that the defendant, without just cause or provocation, willfully, wrongfully, violently and wantonly assaulted and wounded the plaintiff. In the original petition filed punitive damages were sought to be recovered. It contained an allegation stating separately the amount of such damages it was sought to recover. At the inception of the trial this allegation, as appears by the record, was withdrawn, leaving only the claim for compensatory damages remaining to be investigated and determined by the court.

During the progress of the trial the plaintiff, over the objections of the defendant, was permitted to adduce evidence at great length tending to prove the pecuniary circumstances of the defendant. In all actions of tort, where there are circumstances of oppression, malice or negligence, punitory damages are recoverable, not only to compensate the sufferer, but to punish the offender. In the class of actions just referred to, the jury are not restricted to the mere corporal injury which the plaintiff has sustained, but they are at liberty to take into consideration the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon award such

ASSAULT and battery: damages: evidence as to pecuniary circumstances.

punitory damages as the circumstances in their judgment require. 2 Greenleaf's Ev., sec. 89.

In *Bulkly v. Knapp*, 48 Mo. 152, it was said that: "In all cases where vindictive damages are allowed, it is upon the theory that the defendant's conduct has been such that he deserves to be punished, and that they are given with a view of measuring out punishment to him as well as awarding compensation to plaintiff. When we arrive at this conclusion it seems to me that it logically follows that the inquiry as to the pecuniary resources of the defendant becomes pertinent and material, for what would be a severe punishment to a very poor man would be of no consequence to a rich one." And similar rulings have been made in other cases. *Beck v. Dowell*, 40 Mo. App. 71; s. c., 111 Mo. 506; *Fulkerson v. Murdock*, 53 Mo. App. 151; *Clements v. Maloney*, 55 Mo. 352.

It is thus seen that the pecuniary circumstances of the defendant is a matter for the consideration of the jury only in those actions for tort where it is sought to recover both compensatory and punitory or vindictive damages: The pecuniary circumstances of a defendant are clearly not a matter for the consideration of the jury where the plaintiff seeks to recover compensatory damages alone for the wrong and injury. Where the law requires one to make a just recompense for a wrong inflicted, it does not vary such recompense according to the pecuniary circumstances of the wrongdoer. The measure of his obligation is the same, whether he be rich or poor. There is no such distinction recognized by the law. But it is otherwise where both compensatory and punitory damages are sought to be recovered for the wrong. There can be no doubt that prior to the adoption of the act of March 18, 1895 (Sess. Acts 1895, p. 168), the petition in this case would have been sufficient to authorize a recovery for both compensatory

and punitory damages, but that act introduced a new rule of pleading into our code by requiring that: "In all actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered." The petition, as has already been stated, did not conform to the above statutory requirement, and therefore the damages sought to be recovered were compensatory only. The plaintiff's voluntary withdrawal from his petition of the allegation required by the statute where punitive damages are sought to be recovered, was in effect a disclaimer of the right to recover such damages. After this disclaimer of the plaintiff went upon the record, the issue as to punitory damages was entirely eliminated from the case.

The action of the court in the admission of evidence tending to prove the pecuniary circumstances of the defendant was therefore manifestly erroneous and prejudicial. And this error was subsequently accentuated by the giving of the plaintiff's sixth instruction, which told the jury that if they awarded him compensatory damages, to say and fix in their verdict the amount separately from the punitory damages. The jury were thus impliedly told that they were authorized, if they found for the plaintiff, to allow both compensatory and punitory damages. This instruction would have been well enough had the case proceeded to trial on the petition as it was originally framed, but under the amended petition on which the trial was had, such an instruction was erroneous and grossly misleading.

But it is contended that the foregoing errors were cured by the action of the court in giving the defendant's sixth instruction, which told the jury that if the plaintiff was entitled to recover "he could only recover for the actual dam-

DAMAGES: conflicting instruction.

ages he has sustained by reason of being cut by defendant in the manner alleged in his petition." This expression of the law was substantially correct, but it is wholly inconsistent with that of the plaintiff, and therefore it did not cure the vice of the latter. The rule is well settled in this state that an erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith. *State v. Tatlow*, 136 Mo. 678; *State v. Cable*, 117 Mo. 380; *State v. Herrell*, 97 Mo. 105; *State v. McNally*, 87 Mo. 644.

But before noticing the other instructions of which complaint is made, we must again recur to the evidence for the purpose of determining whether or not the objection of the defendant to the action of the court in rejecting his offer to prove the general character for truth and veracity of the witness Vaughn is well taken. It appears from the abstract of the record that the defendant called the said Vaughn as a witness in his behalf, who testified that he was an eyewitness to the difficulty between plaintiff and defendant, and that the plaintiff struck the defendant twice before the latter struck the former. The witness was asked if he had not previously had a conversation with one Ladies, in which he stated that he had not seen the plaintiff strike defendant at all, and his answer was that he had not so stated. Ladies testified that Vaughn had told him that he had seen defendant strike plaintiff two or three times and "the knife and blood," and then he "dropped right in the cellar."

The defendant then offered to prove by a witness who had known said Vaughn twelve or thirteen years that the character of the latter for truth and veracity in the neighborhood in which he lived was good. This offer the court rejected, and the question is whether

this action was error. In *Walker v. Ins. Co.*, 62 Mo. App. *loc. cit.* 220, we quoted with approval an extract from the opinion of Judge REDFIELD in *Paine v. Tilden*, 20 Vt. 554, to the effect "that whenever the character of a witness for truth is attacked in any way, it is competent for the party calling him to give general evidence in support of the good character of the witness. And we do not think it important whether the character of the witness is attacked by showing contradictory accounts of the matter out of court and different from that sworn to or by cross-examination, or by general evidence of want of character for truth." And it may be added that to the like effect are *Miller v. R'y*, 5 Mo. App. 471; *State v. Row*, 12 Vt. 93, and *Isler v. Dicving*, 71 N. C. 14. As the plaintiff attacked the character of the witness Vaughn for truth by showing that he had given contradictory statements of the matter out of court different from that he had testified to in court, it was competent for the defendant, who had called him, to give general evidence in support of his good character, and therefore the action of the court in rejecting the defendant's offer was error.

The defendant further contends that the court erred in rejecting his further offer of evidence to show the motive which prompted him to visit the plaintiff on the occasion of the difficulty which resulted in the injuries of which he complains. The ruling of the court in that regard was entirely proper. As only compensatory damages were claimed by plaintiff in his petition, the motive of the defendant was wholly immaterial and could have no bearing on the *quantum* of recovery. *Joice v. Branson*, 73 Mo. 28.

The defendant further objects that the court erred in giving the plaintiff's first instruction which declared that if the defendant went to the plaintiff's

place of business and there voluntarily, by
—: self-defense: words and acts, brought on the difficulty,
bringing on
difficulty: in- and there struck plaintiff with his hand, and
struction.
after which plaintiff used insulting language
toward defendant, stating that he could whip defend-
ant, and for such language defendant struck and cut
plaintiff, such striking and cutting was unlawful, and
the defendant was liable therefor. It is the well estab-
lished law of this state that insulting epithets or op-
probrious words will not justify an assault. *State v.
Griffin*, 87 Mo. 608. The instruction went no further
than to declare that after the defendant had voluntarily
brought on the difficulty, and had assaulted and beaten
the plaintiff with his fists, the mere fact that the plain-
tiff, after such assault and beating, used insulting and
opprobrious language toward defendant, that this did
not justify the latter in striking and cutting the former.
And this, we think, was not an erroneous declaration
of the law as applicable to the case.

At the conclusion of the argument of counsel to
the jury, the court, on its own motion, gave an instruc-
tion which told the jury to disregard allusion made
by counsel to a former difficulty between
TRIAL practice:
additional in- plaintiff and defendant, and that there was
struction after
close of argu- no evidence to warrant the conclusion that
ment.
there was such previous difficulty. This
instruction was not timely given. R. S., sec. 2188. It
does not appear from the instruction itself, nor does it
elsewhere appear from the record, whether the counsel
for the plaintiff or defendant in his argument made
the allusion referred to in the instruction, but whether
it was made by the one or the other, it would have
been a better practice for the court to have admonished
the counsel making the allusion to keep within the
record, and that no evidence had been adduced tend-
ing to prove a prior difficulty between plaintiff and

defendant. If such allusion was made by counsel on one side, and no objection was taken thereto by counsel on the other side, and no notice was taken thereof by the court at the time, we think it would have been a far better practice to have let the matter pass altogether than for the court to have undertaken to exclude the same from the consideration of the jury by an instruction after the conclusion of the argument of counsel.

As already stated, it does not appear from the record whether the allusion referred to in the instruction was made by the counsel of plaintiff or defendant, nor what language was employed in making such allusion, so that we are unable to determine whether or not the action of the court was an error that was harmful to defendant or was one of which he could complain.

It results that for the errors hereinbefore referred to, the judgment of the circuit court will be reversed and the cause remanded. All concur.