CORA H. GILFILLAN, Respondent, v. JOHN D. Mc-CRILLIS, Appellant.

**Kansas City Court of Appeals, June 4, 1900.**

1. **Damages:** COMPENSATORY AND PUNITORY: PLEADING: STATUTE: NOTICE. Where in an action for wrongfully killing one's husband there is no allegation for punitory damages, compensatory damages alone can be recovered and the absence of such averment is notice to the defendant that only the latter damages are claimed.

2. **Appellate and Trial Practice:** MOTION TO STRIKE OUT: BILL OF EXCEPTIONS. A motion to strike out part of a pleading and the ruling of the court thereon with exception thereto must be preserved by the bill of exceptions to become part of the record and be reviewed by the appellate court.

Gilfillan v. McCrillis.

3. Evidence: WRONGFUL KILLING: DAMAGES: MITIGATION. Where the action is to recover compensatory damages alone for the wrongful killing of a husband, evidence that defendant just prior to the killing had learned of deceased's improper relations with his wife, is incompetent, since it neither reduces the compensatory damages nor justifies the homicide.

4. ———: ———: COMPROMISING LETTERS: INSTRUCTION. In an action for wrongful killing of a husband where the defendant was permitted to introduce letters of a compromising character from the deceased to defendant's wife, it is proper for the court to instruct the jury that such letters were admitted only to explain why the defendant went to deceased's house on the day of the homicide and not for the purpose of justifying the killing, which killing was wrongful notwithstanding defendant supposed that improper relations existed between his wife and the deceased.

Appeal from the Jasper Circuit Court.—*Hon. John D. Perkins*, Judge.

Affirmed.

*Howard Gray* and *E. O. Brown* for appellant.

(1) The defendant had the undoubted right to defend his marital rights, and if, in pursuance of this purpose, he was assaulted by plaintiff's husband, and thereupon shot and killed him, there is no law, natural, human or divine, that condemns him. If, then, Gilfillan could not have recovered if death had not ensued, the plaintiff who stands in his shoes in respect to the damages sought to be recovered, can not. State v. Grugin, 147 Mo. 39; R. S. 1889, secs. 4426, 4427; Goldsmith v. Joy, 61 Vt. 449; Wiley v. Carpenter, 64 Vt. 212; 2 Am. and Eng. Ency. of Law [2 Ed.], 997. (2) While the courts may not encourage men in taking the law in their own hands in redress of private injuries, yet the law will excuse when it can not justify and mitigate when it can not excuse, providing the transaction proceeded from a

proper motive. Morley v. Dunbar, 24 Wis. 183; Dissenting opinion of Chief Justice Dixon in Wilson v. Young, 31 Wis. 574. (3) As to whether the facts and circumstances which lead up to, if they did not cause, the shooting in question can be shown in mitigation of damages or in extenuation of defendant's act, the statute would seem to settle that question. . The legislature manifestly intended by the damage act that, in arriving at damages in actions brought under this act, regard should be had in all cases to the mitigating or aggravating circumstances attending the act complained of. Under this statute it was the imperative duty of the jury, under the instructions of the court, to take into consideration any and all mitigating circumstances. It was clearly within the power of the legislature to adopt this rule, and the court ought to have enforced it. The legislature having by the act in question declared a rule in respect to proceedings thereunder, it did not lie with plaintiff, by any manipulation or juggling with the pleadings, to deprive defendant of the right thereby guaranteed him of introducing evidence tending to mitigate or excuse the evil of the act charged. R. S. 1889, secs. 4426, 4427; Karnes v. Ins. Co., 144 Mo. 413; Richardson v. Railway, 50 S. W. Rep. (Mo.), 785. (4) The illicit relations between deceased and defendant's wife, and the knowledge thereof which defendant had acquired just before the shooting, were doubtless the direct cause of the assault complained of; without them plaintiff's husband would be·alive to-day. It follows, therefore, that the court erred in excluding evidence of these facts, and in instructing the ·jury on behalf of plaintiff that these facts and circumstances could not be considered by them, either in mitigation of damages, or in palliation of the act. Nichols v. Winfrey, 90 Mo. 408. (5) The trial court's charge as to the incriminating letters practically withdrew the correspondence and

defendant's knowledge of the intimacy between his wife and deceased from the consideration of the jury. Moreover it is obnoxious to the further objection that it singled out a particular fact as being insufficient to prove certain matters in issue. See authorities under point (3). (6) The defendant was clearly entitled to a consideration of the case by the lower court upon the theory of his refused instructions. State v. Grugin, 147 Mo. 39; Ward v. White, 19 Am. St. Rep. 883; and authorities cited under point (3).

*T. B. Haughawout* and *Thomas & Hackney* for respondent.

(1) The action of the trial court in sustaining plaintiff's motion to strike out part of defendant's answer can not be reviewed by this court, for the reason that the motion and the action of the trial court thereon are not preserved by the bill of exceptions, and do not constitute part of the record. Hubbard v. Quisenberry, 32 Mo. App. 459; Smith v. Kansas City, 128 Mo. 27; Ins. Co. v. Knaup, 55 Mo. 154; Jefferson City v. Opel, 67 Mo. 394; Williams v. Railway, 112 Mo. 485. (2) The defendant was not entitled to have the contents of the letters, nor the fact of the supposed improper relations between the deceased and the defendant's wife, considered by the jury in mitigation of the actual and pecuniary damages sustained by the plaintiff. It is a settled rule in Missouri, that mitigating circumstances can not be considered in reduction of actual damages. They can only be considered in reduction of exemplary damages. Joice v. Branson, 73 Mo. 29; Gray v. McDonald, 104 Mo. 314; Nichols v. Winfrey, 79 Mo. 552; Wilson v. Young, 31 Wis. 580; Fenelon v. Butts, 53 Wis. 351; Corcoran v. Hanan, 55 Wis. 120; Birchard v. Booth, 4 Wis. 67 (quoted with approval in Gray v. McDonald, 104 Mo. 314).

SMITH, P. J.—The case presented by the record before us is this: William J. Gilfillan, the husband of the plaintiff, ravished and debauched the wife of the defendant, for which the latter shot and killed the former. This is an action by the plaintiff, who is the widow of the deceased, against the defendant to recover damages for the death of her said husband. The plaintiff's petition was not framed with reference to the provisions of the Act of March 18, 1895 (Sess. Acts 1895, p. 168; R. S. 1899, secs. 594, 595). No claim was made therein for punitory damages and therefore the damages sought to be recovered were compensatory only. The allegations of the petition were notice to defendant that no punitory damages were claimed. Berryman v. Cox, 73 Mo. App. 67. If the plaintiff had sought to recover both punitory and compensatory damages she would have made the allegations of her petition conform to the requirements of the statute already referred to, and thus have given defendant notice of that fact. The action, therefore, according to the allegations of the petition, must be regarded as but an action to recover compensatory damages.

The answer was a general denial, coupled with the plea of justification. There was a trial which resulted in judgment for plaintiff and defendant appealed.

I. The defendant objects that the trial court erred in striking out a part of his answer, but this objection we can not notice for the reason that neither the motion nor the ruling of the court thereon with defendant's exceptions thereto, were preserved by the bill of exceptions and are therefore no part of the record before us. Hubbard v. Quisenberry, 32 Mo. App. 459; Smith v. Kansas City, 128 Mo. 27.

II. The defendant complains of the action of the court in rejecting his offers of testimony tending to show certain facts and circumstances in mitigation of the damages or palliation

of the defendant's wrongful act. The evidence embraced in defendant's rejected offers was, in effect and substance, that a knowledge of the fact that deceased had ravished the defendant's wife was acquired by the latter on the evening of the day preceding the homicide. Possibly under the ruling in State v. Grugin, 147 Mo. 39, the evidence offered would have tended to reduce the grade of the homicide to manslaughter. Unquestionably, if the plaintiff had sought to recover both compensatory and punitory damages, then it would have been competent for the defendant to show that the circumstances of the homicide were of such a mitigating character as that the plaintiff should be restricted in her recovery to damages of the former kind, or, which is the same thing, to such as were the necessary result of the homicide. Where a plaintiff, for the purpose of recovering damages exceeding a compensatory sum, introduces evidence tending to show circumstances of an aggravating character, the defendant, in such case, may show by evidence, mitigating or extenuating circumstances to diminish or reduce the recovery to the necessary injuries resulting from the wrong. In this state the rule seems to be fairly well settled that in actions of tort mitigating circumstances may be shown in evidence in reduction of punitory damages, but not in reduction of actual damages. Joice v. Branson, 73 Mo. 29; Gray v. McDonald, 104 Mo. 314; Nichols v. Winfrey, 79 Mo. 552; Morgan v. Durfee, 69 Mo. 469. It would not be pretended that the evidence which was offered by defendant tended to make out a case of justifiable homicide; nor was it offered for that purpose. As the plaintiff by her pleading and by her offers of evidence in effect disclaimed any right to recover punitory damages, the evidence tending to show mitigating circumstances was not admissible. The jury in such case should have been restricted, as it was, to the pecuniary or "necessary injury resulting from such death."

There is no doubt but that in a proper case, under the statute (sections 4426, 4427, Revised Statutes 1889), a jury, in estimating the damages, are required to have regard to the mitigating or aggravating circumstances attending the wrongful act (Haehl v. Railway, 119 Mo. 325 and cases there cited), but thus far it has not been held in a case like this, where the plaintiff, by her petition, has restricted her claim to compensatory damages, and where it is not pretended that the wrongful act causing the death was of that willful, wanton, reckless, oppressive or malicious character as to entitle the plaintiff to punitory damages, that the jury is required to consider the mitigating circumstances; and therefore, evidence tending to show such mitigating circumstances can not be received, or, if received, considered to reduce the plaintiff's compensatory damages. And this seems to have been the defendant's view of the law of the case, for the court at his instance gave an instruction which told the jury that in estimating the damages it should consider only the pecuniary interest the plaintiff had in her husband's life, taken in connection with his age, health and probable length of life and capacity to earn money; and that compensatory damages only could be given, and that there could be no recovery of punitory damages, and that it should exclude from its consideration punitory damages, as well as damages for mental anguish or loss of society, etc. But notwithstanding this very favorable instruction, the defendant insists that he was entitled to introduce evidence showing circumstances of mitigation and to have the jury consider the same in reduction of the amount of compensatory damages the plaintiff was entitled to recover. This contention can not, for the reasons already stated, be upheld.

III. The defendant was, over the objection of the plaintiff, permitted to introduce a number of letters alleged to have been written to defendant's wife by the deceased

husband of plaintiff, which were of a compromising character, for the purpose of showing why it was that the defendant went to the house of the deceased just preceding the commission by him of the homicidal act. It may be well doubted whether these letters were admissible at all under the pleadings. No fault ought to be found with the action of the court in telling the jury by an instruction for plaintiff that such letters were admitted in evidence only for the purpose of explaining why the defendant went to the house of the deceased on the day of the homicide, and not for the purpose of justifying or excusing the homicide. The jury were further told, in the same connection, that if the defendant shot and killed plaintiff's husband because he supposed that improper relations had existed between deceased and defendant's wife, that such killing was wrongful. This was a proper expression of the law applicable to the facts which the evidence tended to prove in the case. The court permitted the defendant to introduce, without stint, all the pertinent evidence offered by him relating to the facts and circumstances immediately surrounding the commission of the homicidal act.

The defense of justification was fairly submitted to the jury under proper instructions, so that no complaint can justly be made of the action of the court on any ground of that kind. It seems to us that the case was fairly submitted to the jury on the evidence under proper guiding instructions, and that therefore the verdict must be accepted as conclusive.

The judgment will be affirmed. *Ellison J.,* concurs; *Gill, J.,* absent.