R. S. ANDERSON, Respondent, v. O. W. SHOCKLEY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. SLANDER: Pleading: Malice: Mitigation.  The statute of this state (sec. 1838, R. S. 1909) gives the right to plead mitigating circumstances in answer setting up justification. And the statute (secs. 1807, 1808, R. S. 1909) permits as many consistent defenses as one may have to be set up in one answer. These defenses may be partial, and in the sense of the statute mitigation to an action of slander would be a partial defense. So where the defendant does not justify, he may show in mitigation which tends to disprove malice but does not prove the truth of the charge.

2. ———: Pleading: Exemplary Damages.  Unless exemplary damages are claimed in the petition, none can be allowed. And actual damages sustained by one must be allowed him without diminution by way of mitigation.

Anderson v. Shockley.

3. ———: ———: ———: **Actual Damages.** Actual damages, under the rule in Missouri, embrace many things ideal in their nature and not subject to mathematical calculations, and they must be allowed without mitigation or regard to the actual intent of the accuser.

4. ———: ———: ———: **Other Utterances: Aggravation.** In an action for slander, where the plaintiff attempts to aggravate or increase his damages by showing utterances of the slander at other times and the defendant follows this by showing, in answer thereto, that in such other utterances he explained what he meant in relation to the charges made, it is error for the court to so instruct the jury that defendant's attempted explanation or extenuation will not be considered by them.

5. ———: ———: **Exemplary Damages: Implied Malice.** Exemplary damages may be had without allegation or proof of express malice, the malice implied by law being sufficient.

Appeal from Maries Circuit Court.—*Hon. Wm. H. Martin*, Judge.

REVERSED AND REMANDED.

*Frank H. Farris, W. D. Johnson, Morton Jourdan* and *Thomas Bond* for appellant.

The new matter set up in the answer was in mitigation of the damages and tended to lessen the same, and the court erred in striking it out. R. S. 1909, sec. 1838; Trimble v. Foster, 87 Mo. 49; Minter v. Bradstreet, 174 Mo. 444; Yager v. Bruce, 116 App. 473; 4 Townsend on Slander and Libel, sec. 361, p. 603; Nelson v. Wallace, 48 App. 193.

*Beard, Crites & Murphy, C. H. Shubert, Manes & Davis* and *L. B. Hutchison* for respondent.

ELLISON, J.—This is an action for slander, in which plaintiff recovered judgment in the trial court.

The charge stated in the petition was that plaintiff "is a thief; that he stole a set of harrow teeth from me

and I can prove it by John Ormsby." The prayer was for actual damages in the sum of ten thousand dollars. The answer was a general denial. The answer also contained as matter of mitigation substantially the following: That defendant was the owner of a farm and a wooden framed harrow with iron teeth, which harrow was in one of the fields of the farm. That one day when defendant was walking through the field he came in sight of plaintiff engaged in knocking out the harrow teeth, and that when plaintiff discovered defendant was approaching he left the teeth in a pile by the side of the harrow and went away without waiting for defendant to come up, nor did he speak to defendant. That he mentioned these facts to others, but made no charge of larceny, and that he mentioned it only after rumors had arisen in the neighborhood and he had been asked by persons concerning the matter.

The answer continued in statement of mitigation to the effect that plaintiff was a candidate for sheriff, and that without defendnt's fault or connivance a rumor became current that plaintiff had stolen his harrow teeth. That plaintiff's fitness for the office was a matter of public concern about which the voters had a right to inquire and investigate, and that he made statements of the foregoing facts in answer to inquiries addressed to him by voters; and that he made them in justice to plaintiff so no injury would be done to him and so the public would know just what the facts were in connection with the incident which had given rise to the rumors; that when the questions were asked him he could not remain silent without in that way sanctioning the correctness of the rumor.

On motion of the plaintiff the court struck out these allegations and the case went to trial on defendant's general denial.

The statute (sec. 1838, R. S. 1909) gives the right to plead mitigating circumstances in an answer which

affirms the truth of the matter which the petition charges to be false and slanderous; and so it permits as many defenses as one may have, which are not inconsistent, if they be separately stated. [Secs. 1807, 1808, R. S. 1909]. These defenses need not necessarily be complete; they may be partial. And in the sense of the statute, mitigation would be a partial defense. [Bush v. Prosser, 11 N. Y. 347.]

Therefore, though defendant denied uttering the words charged, he may plead mitigation, since the two are not necessarily inconsistent, and it is apparent, that though the jury should believe he did utter the language attributed to him, they should know the extenuating circumstances. It needs no illustration to bring to mind the many suspicious and unfortunate circumstances which may give a false color or appearance to one's actions and lead the most careful to form wrong conclusions from such appearaces. There is a vast difference in the turpitude of a false charge which appeared to be true and one uttered without any excuse and in actual malice. So it has been held that "a defendant may, with an answer denying the allegations of the complaint, set up any matter in mitigation of damages" [Warner v. Lockerby, 31 Minn. 421.] In Jones v. Murray, 167 Mo. 25, 47, there was a general denial and mitigation. Where the defendant does not justify, he may show in mitigation any circumstances which tend to disprove malice but do not tend to prove the truth of the charge. [Mattice v. Wilcox, 147 N. Y. 624, 634; Newell on Slander and Libel, 882.] It has also been held that, prior to the code, under a plea of the general issue, mitigation may be shown. [Jones v. Townsend, 21 Fla. 431, 441; Williams v. Cawley, 18 Ala. 206.]

But the rule in this state (based on the statute) is that unless exemplary damages are claimed in the petition, none can be allowed. [St. Louis Clothing Co.

v. Dry Goods Co., 156 Mo. 393, 407; Berryman· v. Cox, 73 Mo. App. 67; Gilfillan v. McCrillis, 84 Mo. App. 576.] None were asked in this case, the prayer being that "plaintiff has been greatly injured in his good name, fame and reputation, to his actual damage in the sum of ten thousand dollars."

It has been more than once decided that actual damages sustained by one who has been defamed, must be allowed to him without diminution by way of mitigation. [Jones v. Murray, 167 Mo. 25; Callahan v. Ingram, 122 Mo. 355.] For whatever may have been the real intent or motive of the party uttering the false accusations, malice necessarily attaches to them from their falsity, and he must pay what actual damage he has inflicted upon the party he accused. But when it is sought to go further than that by asking damages not sustained and only permitted as a punishment to the accuser, then mitigation is allowed. Actual or compensatory damages embrace many things somewhat ideal in their nature and incapable of mathematical measurement. Such, for instance, as injured feelings, humiliation, disgrace, etc.; yet so long as these are classed as actual injuries suffered and are held to be matters for which compensation may be made to the sufferer, the compensation must be paid without regard to extenuating circumstances.

It follows that the court did not err in striking out the portion of the answer above set out.

But it seems that for the purpose of aggravating the damages by way of showing express malice, plaintiff was permitted to show other utterances of the same substance, beginning four or five years back of the time of the utterance set up in the petition. Defendant, too, was allowed to meet this to show that his only utterances were similar to those set out in his answer which was stricken out. Defendant thus got before the jury the matter which was stricken from his pleading. But this evidence on plaintiff's part was, as we

have just said, to show malice and thereby aggravate the damages, and defendant's evidence to this head could have no other effect than an attempt to rebut this malice by showing that all he said was in relation to seeing plaintiff knocking the teeth from his harrow. In so doing he was rightly defending that part of plaintiff's case tending to add to the injury and increase the damage. Notwithstanding this phase of the case, thus brought into the case by plaintiff, the court gave an instruction for him which practically nullified all of defendant's effort to meet it. The instructions on this subject were Nos. 3 and 6. In the former the jury was told that the sole issue for them to determine was whether defendant maliciously spoke the words charged in the petition; and that defendant's evidence concerning his seeing plaintiff in the field knocking the teeth from the harrow afforded *no* defense to the action. In the circumstance in which the case was made to appear to the jury by the plaintiff bringing in accusations at times and places not alleged in the petition, for the alleged purpose of showing malice (a thing implied without affirmative proof), and thereby aggravating or increasing the damages, that instruction amounted to no less than directing the jury that this evidence for plaintiff was to be considered, but that of defendant in answer to it was not. And this fault was accentuated by No. 6; for in it the jury were told that this part of the evidence for plaintiff was not to prove the utterance of the particular slander declared upon, but only for the purpose of proving express malice, that is to say, malice in addition to that implied by law. Yet by instruction 3, as just shown, defendant was cut out of the effect of the evidence in his behalf opposing this of plaintiff. In short, the situation may be thus expressed: Plaintiff left the limits necessary to his case (we do not say improperly) and went in quest of additional evidence to show express malice. Defendant followed him with

evidence tending to show such malice did not exist. The effect of the instructions was to give plaintiff the benefit of his effort and deny to defendant his; and instruction 2 for defendant did not relieve the case of this error.

On account of matters appearing in the briefs, it may be well to add, in view of another trial, that what is called express malice may be shown by other utterances before and since the time alleged in the petition. This is not necessary to the allowance of exemplary damages as seems to be supposed, for such damages may, in this state, be allowed without such proof; it having been frequently held that the malice implied in the falsity of the charge is sufficient upon which to base an allowance of such damages. [Buckley v. Knapp, 48 Mo. 152; Callahan v. Ingram, 122 Mo. 355; Wagner v. v. Saline Co. Progress, 45 Mo. App. 6, 14; Arnold v. Savings Co., 76 Mo. App. 159, 182; Wood v. Hilbish, 23 Mo. App. 389.] But such proof may be allowed to aggravate or add to the actual damages.

On account of the error above mentioned, the judgment will be reversed and cause remanded. All concur.