CORA KNIGHT, Respondent, v. THE SADTLER LEAD &
ZINC COMPANY, Appellant.

Kansas City Court of Appeals, May 16, 1898.

1. **Master and Servant:** NEGLIGENCE: CONTRIBUTORY NEGLIGENCE.
   Though a servant in a mining shaft knew of the dangerous nature of
   the car track leading to the mouth of the shaft and the insufficient
   stop block, he can not be held guilty of contributory negligence
   where his death was occasioned by boys using the track for riding
   on the cars of which the evidence fails to show he had any knowl-
   edge.

2. Damages; MEASURE OF WIFE'S FOR DEATH OF HUSBAND: INSTRUC-
TION. Section 4427, Revised Statutes 1889, give a wife damages
only for the pecuniary injuries necessarily resulting from the death
of her husband, such as support and maintenance and her inherit-
able interest in his estate—all not to exceed $5,000—and an instruc-
tion allowing the wife such sum as would be equal to the probable
earnings of the husband is error.

3. ——: ——: ——: SOCIETY: STATUTES. The damages accruing
to a wife for the negligent killing of her husband do not include the
the loss of his society and an instruction permitting recovery there-
for is error, and the enabling statutes relating to married women
and the decisions thereon have no application.

*Appeal from the Jasper Circuit Court.*—HON. J. D.
PERKINS, Judge.

REVERSED AND REMANDED.

HOWARD GRAY and GALEN and A. E. SPENCER for
appellant.

There is no evidence to support a verdict for plain-
tiff, and the court erred in refusing to give instruction
to find for the defendant. Brown v. R'y, 20 Mo. App.
222; Christy v. Hughes, 24 Mo. App. 275; Clark v.
Fairley, 24 Mo. App. 429; Hicks v. R'y, 46 Mo. App.
304; Gilliland v. R. R., 19 Mo. App. 411–417; Francis
v. Co., 5 Mo. App. 7; Mathiason v. Mayer, 90 Mo.
585; Berger v. R. R., 123 Mo. 679, reversing St. Louis
court of appeals; Scheffer v. R. R., 105 U. S. 249; s. c.,
Lawyer's C. P. Co. Ed., book 26, 1070; Ross v. Tele-
graph Co., 81 Fed. Rep. 676; The Anchoria, 83 Fed.
Rep. 847 and 77 Id. 994; Bailey's Master's Liability,
etc., p. 420 *et seq.*; 16 Am. and Eng. Ency. of Law
[1 Ed.], p. 428, *et seq.*; Nagel v. R'y, 75 Mo. 653;
Koons v. R. R., 65 Mo. 595; Ostertag v. R. R., 64 Mo.
421; Overholt v. Vieths, 93 Mo. 422; R. R. v. Stout,
17 Wall. (U. S.) 657; Lawyers' C. Pub. Co's. Ed.,
book 21, p. 745; 27 Am. and Eng. Ency. of Law

Knight v. Lead & Zinc Co.

[1 Ed.], p. 344 *et seq.;* Robinson v. R'y, 27 Pac. Rep. (Utah, 1891) 689; Bates v. R'y, 15 S. W. Rep. (Tenn. 1891) 1069; R. R. v. Bell, 81 Ill. 76; s. c., 25 Am. Rep. 269; Crafton v. R. R., 55 Mo. 580 (1874); Dwyer v. R. R., 12 Mo. App. 597; Morrow v. R. R., 29 Mo. App. 432; Brown v. R'y, 27 Mo. App. 394. (2) The court erred in giving instruction number 2 for the plaintiff. It does not state the correct measure of damages. *First,* the jury were told to award the entire amount deceased would have earned during the probable length of his life. The true measure of damages is the probable amount he would have contributed to plaintiff's support had he not been killed. R'y v. Hines, 40 S. W. Rep. 152. *Second.* This instruction told the jury that in addition to the amount of the probable earnings of plaintiff's husband they should add a sum for "loss of society." This is clearly erroneous as nothing can be allowed in such cases for "loss of society." Parsons v. R'y, 94 Mo. 286; Mammerberg v. R'y, 62 Mo. App. 563; Strange v. R'y, 61 Mo. App. 586; Madison v. R'y, 60 Mo. App. 599; Rose v. McCook, 70 Mo. App. 183.

THOMAS & HACKNEY and McREYNOLDS & HALLI-BURTON for respondent.

(1) It was the duty of the defendant to furnish its employees at the bottom of the pump shaft a reasonably safe place to work, and to render the place reasonably safe, under all the circumstances known to defendant, surrounding it; it was necessary to protect the mouth of the shaft with guards, blocks or stops sufficient to prevent cars from falling down the shaft. Dixon v. R. R., 124 Mo. 140; Dewesse v. Min. Co., 54 Mo. App. 476; s. c., 128 Mo. 423. (2) The court committed no error in giving instruction number 1

asked by the plaintiff and given by the court to the jury. Vogelgesang v. St. Louis, 139 Mo. 127; Meade v. R. R., 68 Mo. App. 100; Morrison v. R. R., 18 Mo. App. 274; Nagel v. R. R., 75 Mo. 661; Griggs v. Eckenstrom, 14 Minn. 81; Bellman v. R. R., 76 Ind. 166; 1 Sutherland on Damages [1 Ed.], p. 23; Byrne v. Wilson, 15 Irish Crim. Law, 332; Dixon v. R. R., *supra*, 149; Bassett v. St. Joseph, 53 Mo. 290; Hull v. Kansas City, 54 Mo. 598; Clark v. R'y, 127 Mo. 210; Davis v. Garnett, 5 Bing. 716. (3) The respondent's husband was guilty of no contributory negligence precluding her recovery in this case. And the presumption is that he was in ignorance of the extra hazard incurred on account of the use being made of the track. The burden of showing that deceased knew of this extra hazard is upon the defendant, and it must show this before it can say that he assumed the extra hazard occasioned by the use of the cars and track of defendant by children and boys and women. Donahue v. Kansas City, 136 Mo. 670; Dewesse v. Mining Co., *supra*. The court committed no error in giving instruction number 2 on behalf of plaintiff. McGowan v. Ore and Steel Co., 109 Mo. 532; R. R. v. Whitman's Adm'r, 29 Gratt. 431; Clow v. Chapman, 125 Mo. 101; Clark v. Hill, 69 Mo. App. 541; Barth v. R'y, 44 S. W. Rep. (Mo.) 778–784, 785; Clow v. Chapman, 125 Mo. 104; Blair v. R. R., 89 Mo. 339; Clark v. Hill, 69 Mo. App. 541; Noble v. Blount, 77 Mo. 239; R. S. 1889, sec. 2303, also sec. 2100; Sherwood v. R'y, 132 Mo. 345; Haehl v. R. R., 119 Mo. 341; Fox v. Windes, 127 Mo. 502–514; Macfarland v. Heim, 127 Mo. 327–335.

ELLISON, J.—This is an action for damages which resulted to plaintiff by the death of her husband, the death being charged to have been occasioned by the

negligence of defendant. The judgment below was for the plaintiff.

The defendant was engaged in mining and plaintiff's husband was an employee. Two shafts were sunk about three hundred and fifty feet apart and a car track, upon which two cars were run by hand, connected them. The shafts were known as number 3 and number 4. Deceased was working in shaft number 3, then down one hundred and thirty feet beneath the surface. The track came up to and ended at the mouth of the shaft. It was down grade the greater part of the distance from number 4 to number 3, so that if a car was at number 4 without control, it would get under rapid speed, continuing until it reached number 3. At number 3, there was a strip of timber about three inches thick rounded on top and placed across the track flat side down for a "stop block." Its purpose was to stop the cars at the mouth of the shaft, when brought there for loading or letting off tubs in which dirt and ore were hoisted from the shaft. The defendant's land upon which the mining was being done consisted of a hundred acres inclosed by fence. In the inclosure were three or four houses in which families lived. The accident happened by two boys pushing the two cars up to shaft number 4 and one of them getting on the last car pushed up, giving it a start down the track and jumping on the rear. It obtained such speed that on nearing shaft number 3 the boy became frightened and jumped off, the car running on, striking the stop block, bounding over and falling to the bottom of the shaft, where it struck and killed deceased and another who was working with him at the bottom of the shaft.

The charge of negligence is that defendant failed to place sufficient guard or stop block at the end of the

track at the mouth of the shaft to stop the car when arriving at that point, and in failing to lock the cars so that they could not be handled by boys or children when not in use, or under the immediate supervision of defendant, the defendant knowing that boys were in the habit of riding on the cars for amusement when they were not in use.

Defendant asked an instruction in the nature of a demurrer to the testimony for plaintiff. It was refused. The chief ground upon which defendant places its right to the demurrer is that deceased was an employee and knew of the danger in which he placed himself by going to work in the shaft. The defendant did not introduce any evidence, but we suppose it is fair to assume that deceased knew of the grade of the track, the frail nature of the stop block at the end of the track and that the cars were not locked or secured when not in use. It is fair to assume this, for deceased had been at work on the grounds and must have observed these things. But there is no evidence showing that he knew that boys and children frequently rode down the grade on the cars and that the superintendent had been warned about it. So that the real peril of the situation there was not shown to be known to deceased. We take the case as the record presents it and do not mean to say that the deceased's knowledge of the grade, that the cars were left unlocked and of the insufficient stop block, would have prevented plaintiff's recovery if boys had not been in the habit of riding on the cars. But since defendant is relying upon the knowledge which plaintiff had that this was a dangerous place to work, the case shows he did not have knowledge of the greatly increased peril which arose from the use of the cars by boys, by which means he was killed. Defendant's demurrer

*MASTER and servant: negligence: contributory negligence.*

was therefore properly refused and plaintiff's instruction number 1 was properly given.

2.   The court gave an instruction for plaintiff which, while instructing the jury not to allow her anything for her own or the deceased's pain or suffering, directed that they should allow her "such sum as would be equal to the probable earnings" of her deceased husband during the probable length of his life.   The action is based on section 4427, Revised Statutes 1889, which authorizes the jury to "give such damages, not exceeding five thousand dollars, as they may deem fair and just with reference to the necessary injury resulting from such death."   The statutory words "necessary injury" have been held to mean pecuniary injury.   The words of similar statutes in some of the states are "pecuniary injury," but we decided in Hickman v. R'y, 22 Mo. App. 344, that each meant a pecuniary loss.   That the words necessary injury and pecuniary injury, were looked upon as of the same import, is apparent from the cases of Morgan v. Durfee, 69 Mo. 478; Joice v. Branson, 73 Mo. 28; Rains v. R'y, 71 Mo. 169; Porter v. R'y, 71 Mo. 83; Parsons v. R'y, 94 Mo. 286, and Goss v. R'y, 50 Mo. App. 614.   It was said by THOMAS, J., in McGowan v. R'y, 109 Mo. 540, that the words had "by common consent among lawyers and judges been always regarded as synonymous."

*DAMAGES: measure of wife's for death of husband: instruction.*

But it is evident that the supreme court by the opinion of a majority of the judges in McGowan v. R'y, 109 Mo. 518 (Black and Brace, JJ., concurring in the criticism of the instruction therein considered), have made a distinction between the words, "necessary injury" and "pecuniary injury."   It is directly asserted in that case:   "There is an obvious difference between a pecuniary damage and a *necessary pecuniary damage."*   So it may be said, in the light of that

case, that when our statute uses the words "necessary injury" it is equivalent to saying, necessary pecuniary injury, or a "pecuniary injury necessarily resulting" from the wrong of defendant.

So that the question presented by the instruction under consideration is, are the *whole* of the "probable earnings" of a deceased husband if he had lived to be allowed as a necessary pecuniary loss to his widow in an action by her for his death? We think not. The instruction in this case was therefore wrong. Permitting the surviving widow to recover the whole of the husband's probable earnings is equivalent to an assertion that such was her pecuniary loss. It is evident that such is not necessarily her loss, for she is not necessarily entitled to all his earnings, nor would she receive them at his death in cases where she survives him. She was entitled to his support and maintenance and this she necessarily loses by his death. But his earnings may amount to many times her support. The statute limits the total recovery in any case to $5,000, but that does not affect the general question as to a proper measure of damage. It is true that the supreme court in the McGowan case, *supra*, quotes with approval an instruction in the case of R. R. v. Wightmen's Adm'r, 29 Gratt. 431, wherein it is declared the sum recoverable could equal the whole of the probable earnings of the deceased.

And the case of Kelly v. R. R., 48 Fed. Rep. 663, which arose under the statute of Iowa, is likewise cited, in which it held that a proper element of damage is the amount the deceased would probably have saved during his probable lifetime. But in each of those cases the administrator of the estate was the plaintiff as provided by the statutes of Virginia and Iowa. By the Virginia statute the sum recovered was apportioned to the wife and children as the jury might direct. If

the jury did not apportion it, then it was distributed between them as per the statute of distribution. And if there was no wife or children, then the damages went to the administrator as assets of the estate.

By the Iowa statute the damages belonged to the estate; and if there were wife or children the sum was free from debts. In those cases the pecuniary loss is either a loss to all of the deceased's immediate heirs or to his estate. The parties in interest in those states and this state are different. In those states, it may be said, in general terms, that the parties sustaining the pecuniary loss are *all* of those to whom his earnings would go upon his death; while with us, the damage, in the first instance, belongs to the husband or wife only, and next to the children. And if the deceased be an unmarried minor, then to the father and mother. If all these fail there is no action. Secs. 4425, 4427.

It is clear that those cases have no bearing on the question involved here. Judge Gantt was discussing the neccessity of confining the damages to the pecuniary loss and by quoting from the Wightman case, evidently did not intend to adopt as an element of damage that which may be more than a plaintiff's loss under our statute. For it is apparent that the surviving wife's loss is not necessarily the whole amount of the deceased's probable earnings. This, simply from the fact that she is not entitled to the whole of such earnings after her support and other matters of pecuniary loss are secured therefrom.

But the wife could have an interest in the whole of the probable earnings—a share in such earnings—if they amounted to more than the expenditures of the deceased—if he was accumulating and saving a surplus which would descend to his heirs as his estate. She would have a right to a share of his estate with other heirs. By his death she has been deprived of such

share and therefore it has necessarily caused her a pecuniary loss to the amount of such share and it should be allowed her, provided such sum, with other elements of damage allowed, does not exceed $5,000 limited by the statute. The damages in these cases as has been frequently remarked by the courts are conjectural, yet they are not to be disallowed for this reason.

3. The instructions which we have just discussed also contained a direction to the jury to "also take into consideration, in assessing her damages, the value of his services in the superintendence, attention to and care for her as his wife, *and the loss of his society.*" The point is made that loss of society is not an element of damage in cases under the statute upon which this action is based. The point is well taken. As has been already said the plaintiff can only recover her *pecuniary* loss. To allow damages for the loss of society would be an attempt to fix a money recompense for grief, sorrow and anxiety. It would be offering money as a *solatium*. The loss of society entails no necessary pecuniary loss and should not be considered. That such loss is not an element of damage under the statute while not directly involved was passed upon in the cases of Parsons v. R'y, 94 Mo. 286, and Barth v. R'y, 142 Mo. 535.

But it is claimed that under our enabling statutes a wife is placed on an equality with the husband with respect to her personal and property rights. And it has been held that under the force of these statutes a married woman may sue one who has alienated her husband's affections and recover for loss of his society as the husband could do in case of the alienation of the wife's affection and loss of her society. Clow v. Chapman, 125 Mo. 101. The St. Louis court of appeals

*Margin note:* society: statutes.

held that the wife could now maintain an action against one who by threats of violence had driven her husband insane and recover for loss of his society. Clark v. Hill, 69 Mo. App. 541. But these cases do not bear upon the question here from the fact that this action is under the provision of a statute allowing actions for the death of another and prescribing the general elements and measure of damage.

With the exception noted the court's action on instructions was proper. The judgment is reversed and the cause remanded. All concur.