MARY L. McKINLEY, Respondent, v. THE SADTLER LEAD & MINING COMPANY, Appellant.

Kansas City Court of Appeals, April 24, 1899.

Master and Servant: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: DAMAGES. This case is affirmed on the authority of Knight against the same defendant, 75 Mo. App. 541.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

GALEN & A. E. SPENCER and HOWARD GRAY for appellant

See 75 Mo. App. 541.

CARR McNATT and THOMAS & HACKNEY for respondent.

See 75 Mo. App. 541.

SMITH, P. J.—Anson Knight and William McKinley while engaged in working for the defendant in one of its lead and zinc mines lost their lives at the same time and under like circumstances.    The widow of the former sued for and recovered damages under the provisions of the statute, sections 4226, 4227, Revised Statutes.    The cause was brought here by appeal and determined at the March term, 1898, as may be seen by reference to 75 Mo. App. 541.

The facts in that cause will suffice in this since in both they are substantially the same.    If there is any difference in the two cases the same has not been pointed out.  In both cases a demurrer to the evidence was interposed and overruled.

On the appeal, in the former, the action of the trial court in disposing of the demurrer was sustained by us.    Nothing is seen in the points and authorities urged in support of the demurrer in the present case to justify a departure from our ruling in the former.    The defendant's case on the demurrer has been well and ably presented but no satisfactory reason has been shown why we should not adhere to the opinion expressed in the other case.    The instructions given and refused, excepting the plaintiff's second in relation to the measure of damages, are in substance the same as those in the Knight case.    In the latter the instruction in relation to the measure of damages told the jury that if they found the issues for the plaintiff in assessing the damages to allow plaintiff "such sum as would be equal to the probable earnings" of her deceased husband during the probable length of his life.    This feature of the instruction was condemned for the reasons sufficiently appearing

in our reported opinion in that case. The instruction in this case is, as far as we are able to discover, free from the vice for which that in the other was condemned.

The defendant insists that the ninth and eleventh of its series were improperly refused. It is a sufficient answer to this to say that in the Knight case similar instructions, which were numbered eleven and fifteen, were asked and refused and the action of the trial court in so refusing them was approved by us.

There is nothing in the pleadings, evidence or instructions in this case, except the instruction relating to the measure of damages and the defense of the assumption of the risk, to distinguish it from the Knight case. There is no contention in this case, as in the Knight case, that there was any assumption of the risk by the deceased. Every question arising on the record in this case was presented and passed upon in the Knight case; and therefore the decision in that case must dominate this.

We discover no such infirmity in the petition here, which is substantially the same as in the Knight case, as would warrant any interference by us with the judgment, which we think should be affirmed. All concur.