## LOUIS BRUNKE, Respondent, v. MISSOURI & KANSAS TELEPHONE CO., Appellant.

### Kansas City Court of Appeals, May 8, 1905.

1. **DAMAGES: Measure of: Statute: Solatium.** Under section 2866, Revised Statutes 1899, the damage allowed is pecuniary damage alone and nothing is given as solatium.

2. ———: ———: **Parent and Child: Presumption.** Where a parent sues for the loss of his child's services he ought to recover what the services of an obedient and dutiful child would be during its minority, since the law presumes that duty will be performed.

3. ———: ———: ———: **Jury's Discretion.** Where the nature of the case prevents evidence demonstrating with any degree of certainty what a future loss would be, such as what a child will earn, it must be left to the good sense, observation in life and experience of the jury, guided by the facts and circumstances attending the loss; but there must be some basis for the jury to build upon.

4. ———: ———: ———: ———. Where the evidence showed the child's age, that he lived at home, and the extent of his injuries, it is sufficient to call into requisition the sound sense and experience of the jury to fix the amount of damage.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*Harkless, Crysler & Histed* and *Brown & Dolman* for appellant.

(1) The petition failed to charge and the evidence failed to show that the defendant's employees were guilty of any negligence for the reason that the boy was not shown to have been in any place of danger to the knowledge of the employees, or that by the exercise of ordinary care they could have known that he was in any place of

danger at the time the cleaver was thrown. (2) There was no evidence whatever as to the value of the services of the infant, or from which they could be ascertained or that he had ever performed any, or that he ever would; the evidence was wholly wanting on this point, and the cause must fail for this reason. Dunn v. Railroad, 21 Mo. App. 188 (204-207) ; Schmitz v. Railroad, 46 Mo. App. 380 (395) ; Stoelze v. Sweringen, 96 Mo. App. 592; Brake v. Kansas City, 100 Mo. App. 611 (615) ; Rhodes v. Nevada, 47 Mo. App. 499; and Murray v. Railway, 101 Mo. 236; are overruled. (3) The court erred in giving the instruction to the jury upon the measure of damages, even if there had been any evidence upon which to base a claim for loss of services. This measure of damages would have been correct if the boy had been killed, but where he is injured the measure of damages is well settled to be the difference only between his earning capacity before the injury and the earning capacity in his injured condition. Schmitz v. Railroad, 46 Mo. App. 380 (394-396.) (4) These instructions on the measure of damages are clearly erroneous even if it had been otherwise correct, because the injury was of such character as it could not have resulted in any loss of services to the plaintiff. Railway v. Gregory, 73 S. W. 28.

*James W. Mytton* and *Chas. C. Crow* for respondent.

(1) The petition is good after verdict. R. S. 1899, sec. 672, subdivisions 8 and 9; Bank v. Gilpin, 105 Mo. 17; Edwards v. Railway, 74 Mo. 117; Leckinger v. Mfg. Co., 129 Mo. 598; Phillips v. Stewart, 87 Mo. App. 476; Reiley v. Cullen, 159 Mo. 322; Herman v. Allen, 156 Mo. 534; Bank v. Geyser, 116 Mo. 73; Millor v. Railway, 105 Mo. 453; Ins. Co. v. Tribble, 86 Mo. 546; Sawyer v. Railroad, 156 Mo. 468; Bank v. Pattil, 85 Mo. App. 499; Jewelry Co. v. Bertig, 81 Mo. App.

393; Caslin v. Chase, 160 Mo. 418; Powell v. Sherwood, 162 Mo. 605; Newton v. Newton, 162 Mo. 173. (2) The instruction on the measure of damages was correct. If appellant desired a more definite instruction its duty was plain. It was not the duty of the court without request to instruct for it. Browning v. Railway, 124 Mo. l. c. 71; Haymaker v. Adams, 61 Mo. App. 581; Rose v. McCook, 70 Mo. App. 183; Wood v. Kelly, 82 Mo. App. 598; Wheeler v. Bowles, 163 Mo. 398; Geirman v. Electric Co., 173 Mo. 654. (3) No notice was neccessary to defendant that plaintiff's son might he injured by its careless and negligent act of throwing the cleaver and it was its duty to so use the streets that same would be in a reasonably safe condition for a person to travel thereon. Craven v. St. Louis, 151 Mo. 334; Reedy v. Brewing Assn., 161 Mo. 523; Frank v. St. Louis, 110 Mo. 526; Benjamin v. Railway, 133 Mo. 274; Davenport v. City, 108 Mo. 471; Beck v. Brewing Co., 167 Mo. 195; Jager v. Adams, 123 Mass. 26.

ELLISON, J.—The plaintiff's son was hurt by defendant's servants striking him on the head with a cleaver. Plaintiff brought this action for damages consequent upon the loss of the son's services. The verdict was for one thousand dollars and defendant has brought the case here.

There was no evidence offered by defendant. It appears by that in plaintiff's behalf that his son was passing along a street in St. Joseph when he observed two of defendant's servants at work on and about a telephone pole; one was up at the top of the pole and the other down on the ground. The boy asked one of these men for a piece of wire which he saw lying there, and about as he was stooping to pick up the wire, the man on the ground threw the cleaver to the man on the pole. The latter missed catching it and it fell to the ground, in its descent striking the boy on the head, as he was in the stooped

position, or as he raised up. Without going into detail, it is sufficient to say that the case made gave plaintiff an undoubted right to the judgment of the jury on the question of negligence as it was submitted in the instructions offered by him. The defendant did not ask any direction to the jury save a peremptory one to find for it.

But defendant contends that there was no evidence to support a verdict on the issue of damage to plaintiff by reason of loss of service. And that if there was, the instruction did not define the measure of damage. The evidence consisted merely, that the boy was ten years old, that he lived at home with his parents and that the hearing in one of his ears had been affected by the injury. The first instruction conditioned plaintiff's right to recover on his having "been deprived of all or any part of the services of his son, but that plaintiff could not recover for any loss of services of his said son after he arrives at the age of twenty-one years." The third instruction was on the measure of damages and is as follows: "The court instructs the jury that if you find for plaintiff in this case you will assess his damages in such sum as you may believe from the evidence will compensate him for the loss, if any, of the services of his son, not to exceed $2,000; provided, however, you will not take into consideration any services that might be received by plaintiff from said son after he attains the age of twenty-one years."

The plaintiff has called to his aid two classes of cases. First, the following statute (section, 2866, Revised Statutes 1899). "All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 2864, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances

attending such wrongful act, neglect or default." It will be observed that that statute applies only in case of the death of the victim of negligence. In such cases the ruling here and elsewhere is that the damage allowed to the surviving relative who sues for the death is the pecuniary damage. [McGowan v. St. Louis Steel Co., 109 Mo. 518; McPherson v. Railway, 97 Mo. 253; Parsons v. Railway, 94 Mo. 286; Stoher v. Railway, 91 Mo. 509; Nagel v. Railway, 75 Mo. 653, 665, 666.] And this court has frequently followed those cases. [Hickman v. Railway, 22 Mo. App. 344; Knight v. Lead & Zinc Co., 75 Mo. App. 541.]

The statute does not cover any matter of mere sentiment. It has reference alone to a money loss. Hence, nothing is allowed as a *solatium*. It is asserted by Judge BRACE in Parsons v. Railway, 94 Mo. 298, to be undisputed that "as to all classes of cases under this act, no damages can be given the surviving party, by way of *solatium* for mental anguish or distress for the death or for loss of society of the deceased; and of that principle, the jury ought to be advised." And the same is said by Judge GANTT in McGowan v. St. Louis Steel Co., 109 Mo. 518, 531. In that case, though there was a division as to whether the judgment should be reversed, the whole court agreed that the only damages allowable are those which represent a pecuniary loss. Though our statute uses the expression "necessary injury," the word *necessary* has been held not to include more than pecuniary. [Morgan v. Durfee, 69 Mo. 478; McGowan v. St. Louis Steel Co., 109 Mo. 518; Hickman v. Railway, 22 Mo. App. 344; Knight v. Lead Co., 75 Mo. App. 541.] It seems nowhere to be understood that the statute would justify a recovery for anything other than a pecuniary injury. If matters of affection, such as comfort, society and love, could form a basis for the statutory expression, "necessary injury resulting from such death," there would be little use for the further provision directing that regard be had, "to the mitigating or aggravating

circumstances attending such wrongful act, neglect or default." For, however the circumstances might mitigate the act causing the death, the loss of love, comfort and society would be the same; and, in the opinion of any jury, would always fill the full measure of the statutory limit of $5,000.

But the case at bar is not a death claim, and the only aid we get from the authorities construing that statute is that the difficulty of definite proof of the money loss is as great in one as the other. In many claims arising on that statute the damage, from the nature of the case, is largely, if not altogether conjectural (Parsons v. Railway, 94 Mo. 286, 299). And so it is in cases where the parent, as here, sues for loss of service of his infant son. What that service will be, no one can tell. In such cases, whether arising under the statute, or, as has this case, the law doubtless contemplates what such service, lost by the wrongful act, *ought* to be if the child was obedient and dutiful and was called upon to render such service as children during minority could properly render. Of course, the child might be undutiful and a source of expense only, but the law in this, as in other instances, presumes that duty will be performed.

The other class of cases invoked by plaintiff is that where the injured infant himself seeks to recover the damage for his injury. In such cases it is held in the matter of certainty and definiteness of evidence as to loss or damage (as it is in death cases) that in many instances the nature of the case prevents evidence which will demonstrate with any degree of certainty what the future loss would be. Here, again, it cannot be known what one will earn after reaching his majority and it need not be shown. It cannot be known what pecuniary help or value he may be to himself. Therefore, the matter is left to the good sense, observation in life and experience of the jury, guided by the facts and circumstances. [Rosenkranz v. Railway, 108 Mo. 9; Blackwell v. Hill, 76 Mo. App. 46.] But it must not be supposed that a

case can be made without some basis for the jury to build upon. It will not do to merely prove the relationship of the injured party and that there was an injury. The extent and character of the injury should be made to appear; and the child's age should be known to the jury so that they might be advised of the time of his minority and liability to service.

While the case at bar, being an action by the parent for the loss of service of an infant son, does not fall within either of the two classes mentioned, yet the same uncertainty and lack of definiteness of what the future loss may be exists as in those instances. That cannot be known in a case of the present character any better than in the others, and hence we think that, in this respect, the rule as to evidence should be the same. We, therefore, hold, that since the plaintiff showed the child's age, that he lived at home and the nature and character of his injury, a sufficient showing was made to call into requisition the sound sense and experience of the jury in fixing upon an amount as the damage which plaintiff has suffered.

We regard the petition as sufficient and find no error in the instructions. The judgment is affirmed.

All concur.