**Stephen JENKINS, and Mary Ann Bakke, Appellees,**

v.

**McLEAN HOTELS, INC., Howard Johnson Company, Appellants.**

No. 88–1435.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1988.

Decided Oct. 19, 1988.

Kenneth O. Smith, Kansas City, Mo., for appellants.

Michael W. Manners, Independence, Mo., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

Stephen Jenkins and his mother Mary Ann Bakke commenced an action in state court against McLean Hotels, Inc., and Howard Johnson Company for personal injuries, loss of services, and medical expenses. The suit was removed to federal district court based on diversity of citizenship of the parties. The trial, with the consent of the parties, was held before a United States Magistrate.[1] The jury awarded Stephen Jenkins $600,000 and Mary Ann Bakke $100,000, finding Howard Johnson 40% at fault, McLean 60% at fault, and Stephen Jenkins at no contributory fault. The district court entered judgment on the verdicts. McLean and Howard Johnson assert on appeal that the verdicts were excessive, and that the magistrate erred in denying defendants' motion for remittitur. Howard Johnson also claims that the magistrate erred in denying Howard Johnson's motion for judgment notwithstanding the verdict. We affirm the judgment entered on the jury verdicts.

On June 28, 1984, nine-year-old Stephen Jenkins was staying at the Howard Johnson's Motor Lodge owned and operated by McLean Hotels, Inc., in Independence, Missouri. When returning to his room after

---

**1.** The Honorable Richard H. Ralston, United States Magistrate for the Western District of Missouri.

swimming, Stephen slipped on the tile in front of the sliding glass door to his room and fell through the door. He sustained several lacerations, including a complex twelve inch laceration over his right thigh. During the next year, Stephen underwent five leg surgeries at different hospitals, including extensive skin grafting at the Mayo Clinic. Following surgery, Stephen underwent several months of physical therapy. The injury has resulted in permanent muscle loss, weakness in the leg and a large disfiguring scar and hollowed area on the thigh. The parties have stipulated to medical bills of $20,284.30.

New Trial

■ Both Howard Johnson and McLean allege that the magistrate erred in denying the motion for new trial and in entering judgment on the verdicts because the jury's award of damages was the result of passion and prejudice. This court must determine whether the trial court abused its discretion in not granting a new trial. *Perry v. Bertsch*, 441 F.2d 939, 943 (8th Cir. 1971). The defendants fail to cite a single instance of trial error but allege that the cumulative effect of an array of evidence and argument, much of which was not objected to at trial, resulted in the alleged excessive verdicts. We find the verdicts are supported by substantial evidence and are not excessive as a matter of law.

■ Defendants claim the damages awarded by the jury were excessive and seek remittitur of the jury awards.[2] Whether an award is excessive rests within the discretion of the trial court. *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1301 (8th Cir.1987). The trial court had the benefit of hearing the testimony and observing the demeanor of witnesses. A verdict may not be considered to be excessive unless there is "plain injustice" or a "monstrous" or "shocking" result. *Stafford v. Neurologi-*

*cal Medicine, Inc.*, 811 F.2d 470, 475 (8th Cir.1987). We cannot say that occurred here.

■ Awards for pain and suffering are highly subjective and the assessment of damages is within the sound discretion of the jury, *Morrissey*, 821 F.2d at 1301; *Vanskike v. Union Pac. R.R.*, 725 F.2d 1146, 1150 (8th Cir.1984), especially when "the jury must determine how to compensate an individual for an injury not easily calculable in economic terms." *Stafford*, 811 F.2d at 475.

■ The trial court found Stephen's $600,000 verdict supported by the evidence. Stephen suffered extreme mental anguish at the time of the accident and afterwards, and has undergone substantial physical changes. He has endured extreme pain and suffering. Additionally, the record demonstrates that his injury will limit his future occupational and recreational activities. In light of these circumstances, we cannot say the jury award is "monstrous" or "shocking."

■ The trial court also found the $100,-000 award to Stephen's mother not to be excessive. In Missouri the injury to a minor gives rise to a cause of action by parents for loss of services and medical bills incurred by the parents in treatment of the child. *Wilson v. Lockwood*, 711 S.W.2d 545, 554 (Mo.Ct.App.1986). At trial, Mary Ann Bakke proved $20,284.30 in medical expenses. She also claims damages for loss of services and consortium. Evidence was presented that Stephen was wholly dependent on her for care at home, and she cared for him at the hospital each time his bandages were changed.

Missouri courts have held that the value of services of a parent in caring for a child and the loss of a child's services "must of necessity be left to the good sense and

**2.** In 1985, the Missouri Supreme Court banned remittitur in an en banc decision. *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo.1985) (en banc). In July of 1987, the Missouri legislature enacted a statute providing for the use of remittitur. Mo.Rev.Stat. § 537.068 (1987).

Notwithstanding the status of remittitur in the state court this court has recognized that remittitur is still available in federal court. *Hale v. Firestone Tire & Rubber Co.*, 820 F.2d 928, 936 n. 1 (8th Cir.1987); *American Business Interiors v. Haworth, Inc.*, 798 F.2d 1135, 1146 (8th Cir. 1986). But cf. discussion in *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1299 n. 3 (8th Cir.1987).

common experience of the jurymen." *Boyd v. Andrae*, 44 S.W.2d 891, 894 (Mo. Ct.App.1932); *Brunke v. Missouri & K. Tel. Co.*, 112 Mo.App. 623, 87 S.W. 84, 85 (Mo.Ct.App.1905); *cf. Brewer v. Rowe*, 363 Mo. 592, 252 S.W.2d 372, 377 (1952) (in statutory action for wrongful death of minor, jury is more able to arrive at fair and just award for loss of services than reviewing court). We find that both awards are supported by the evidence, and the trial court did not abuse its discretion in denying the motion for remittitur.

Evidence of Unreasonably Dangerous Specifications

■] Finally, Howard Johnson claims that the magistrate erred in denying the motion for judgment notwithstanding the verdict because no credible evidence was adduced that the specifications provided by Howard Johnson were unreasonably dangerous.

The trial court may enter a judgment n.o.v. only if all the evidence points one way and is susceptible of no reasonable inferences supporting the non-moving party's position. *Stafford*, 811 F.2d at 473. The magistrate found that plaintiffs presented evidence at trial that at the time Howard Johnson provided the door specifications to McLean "the building design profession generally recognized the hazards of using plate glass in sliding doors, particularly in public buildings." *Jenkins v. McLean Hotels, Inc.*, No. 86–1093, slip op. at p. 22–23 (D.Mo. Feb. 8, 1988). Plaintiffs introduced into evidence design and construction publications from the mid–1960's articulating the dangers of using plate glass in sliding doors and presented contemporaneous FHA regulations and model building codes requiring safety glass in sliding doors. *Id.* Plaintiffs also presented expert testimony that at the time of construction of the motel, a design professional knew or should have known the installation of sliding glass doors with plate glass was unreasonably dangerous. *Id.* Finally, defendants offered no evidence to rebut plaintiffs' evidence or testimony. Under the standards governing a judgment n.o.v., the trial court properly denied the motion.

Accordingly, we affirm the judgment of the trial court.