■ ROBERTA ALBER et al., Respondents, v HOWARD W. STEVENS et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiff Roberta Alber, awarding damages in the amount of $275,389.50 and in favor of plaintiff Donald Alber, awarding damages in the amount of $10,000, entered March 16, 1979 in Albany County, upon a verdict rendered at a Trial Term. The defendants' appeal is limited to the excessiveness of the verdict. The plaintiff Roberta Alber was injured in a motor vehicle accident on November 21, 1974 at about 5:30 P.M. on the Glenmont Road in the Town of Bethlehem, Albany County, when her 1967 Ford convertible collided with a tractor tanker owned by the defendant Exxon Corporation and being driven by its employee, Howard W. Stevens. The questions of liability were determined in favor of the plaintiffs and those questions are not before this court on appeal. The plaintiff Roberta's chief injuries consisted of a fracture dislocation of the left hip and a fractured nasal bone. The hip was repaired by "closed reduction", which set the dislocated bone in its socket without surgery. The plaintiff was hospitalized for about one month, most of that time being in traction. Following her discharge she made about 12 visits (up to Aug., 1978) to her orthopedic surgeon, who testified that he was concerned that the dislocation might cause asceptic necrosis, or bone death—a condition which did not occur. On the final visit there was no evidence of increased bone density or bone loss. At the time of the accident the plaintiff was 39 years old and an unemployed waitress, and it was medically estimated that following the accident she suffered about 20% permanent partial disability, also contributed to by a weight problem. A second orthopedic surgeon testified that the hip appeared normal and the only significant finding was a lack of flexion of about 15 degrees when compared with the right hip. The plaintiff's broken nose was set by a plastic surgeon on February 4, 1975 in the emergency room under local anesthetic. The diagnosis of the nose revealed a deviation of the bridge and septum and an internal obstruction on the right side. Nasoplasty and septal reconstruction were performed on March 18, 1975 to correct these conditions and the plaintiff was discharged the next day. In August, 1975, the plaintiff developed a pain in the upper right arm and a cyst was discovered and removed, which "could be related to the accident". From the time of the accident until trial, the plaintiff did not return to work as a waitress. Her earnings for four years prior to the accident averaged approximately $1,800 per year. Her last employment before the accident was in March, 1974. The husband's derivative action sought damages for being required to do some of the housework and his wife's inability to hunt and hike with him. There was some evidence of loss of consortium and society while the plaintiff wife was disabled. In these circumstances, the verdict was $275,000 to the plaintiff Roberta Alber and $10,000 to the plaintiff Donald Alber in his derivative action is clearly excessive. Accordingly, the judgment should be reversed and a new trial granted with respect to the issue of damages only, unless within 20 days of the order to be made hereon the plaintiffs shall stipulate to a reduction of the verdict in favor of the plaintiff Roberta Alber from $275,000 to $150,000 and in favor of the plaintiff Donald Alber from $10,000 to $5,000 (see *Caprara v Chrysler Corp.,* 71 AD2d 515). Judgment modified, on the law and the facts, and a new trial ordered as to the issue of damages only, unless within 20 days after the service of a copy of the order to be entered herein, the plaintiff Roberta Alber shall stipulate to reduce the amount of the verdict in her favor to $150,000 and the plaintiff Donald

Alber shall stipulate to reduce the amount of the verdict in his favor to $5,000 in which event the judgment as so reduced is affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.