■ HELEN A. STEWART, Appellant-Respondent, v WEST BRADFORD CORP. et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered June 2, 1981 in Rensselaer County, upon a verdict rendered at Trial Term (Pennock, J.), and appeal from an order of said court, entered December 31, 1981 in Rensselaer County, which denied plaintiff's motion to amend the *ad damnum* clause of her complaint. Plaintiff was injured on September 8, 1978 as the result of a fall upon defendants' sidewalk while walking from her place of employment with New York Telephone Company to a bank in defendants' nearby building. As a result, she sustained a fracture to her left elbow with displacement of the joint surfaces and a comminuted fracture of her right wrist. The elbow fracture was reduced by surgery requiring insertion of a one-inch screw, leaving her with a permanent loss of extension between 35 and 40 degrees. The fracture of the wrist was treated with closed reduction using temporary pins in the thumb and elbow incorporated into the plastic cast. She was released from the hospital in about one week, convalesced at home, and returned to work on October 27, 1978. She remained under the care of her orthopedic surgeon until 1980 for intermittent examinations and complaints of pain. Plaintiff received a promotion in her employment and by the time of trial had increased her previous weekly earnings from $429 to $596. She now works and resides in Missouri. It is possible she may suffer from degenerative traumatic arthritis in the future and may require surgical fusion or joint replacement of her right wrist, in which she has diminished mobility and use. Plaintiff's medical evidence was uncontradicted by any defense witness. The jury returned a verdict for $750,000 in her favor. In postverdict motions, the trial court denied plaintiff's motion to amend her complaint to increase the *ad damnum* from $300,000 to $750,000 and denied defendant's motion to set the verdict aside as excessive and grant a new trial on the issue of damages only. By order to show cause, the court granted plaintiff leave to reargue her motion to increase the *ad damnum,* but upon reargument adhered to its prior decision. These cross appeals ensued. There should be an affirmance in both appeals. Plaintiff relies upon *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18), which was decided after the trial and the court's initial denial of plaintiff's postverdict motion to increase the *ad damnum* in the complaint. Upon reargument, the trial court considered *Loomis* but adhered to its prior ruling. Judge Gabrielli, writing for a unanimous court in *Loomis,* made it eminently clear that decision of a motion to amend remains within the sound discretion of the court. The absence of prejudice to a defendant is but one criteria to be considered. When viewed in the light of the amount of plaintiff's judgment and her injuries, we are unable to say that the trial court abused its discretion in denying plaintiff's motion. We further affirm the denial of defendants' motion to set the verdict aside as excessive. The Trial Judge was in the best position to rule on the propriety of the jury verdict, which he effectively reduced by denying plaintiff's motion to increase the *ad damnum* clause (cf. *Blair v Board of Educ.,* 86 AD2d 933). Since the evidence of plaintiff's injuries was uncontradicted, and they are unquestionably serious, we cannot say the reduced verdict was so excessive as to shock the conscience of the court (*Stier v Weissman,* 73 AD2d 1027; *Starks v Poulein,* 57 AD2d 645). The judgment and order should be affirmed. Judgment and order affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.