◼ HAROLD FEISTHAMEL et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 62437.) — Cross appeals from a judgment in favor of claimants, entered August 11, 1981, upon a decision of the Court of Claims (Koreman, J.). The nine-year-old infant claimant sustained lacerations to her left leg on July 23, 1978 as she attempted to exit from a revolving glass door located on the Concourse of the Empire State Plaza. After having made one complete revolution in the door, claimant made a half circle in order to pass to the opposite side. Believing she had reached the opening in the glass drum surrounding the glass door, claimant attempted to walk out and fell against and broke the glass panel of the drum that blocked her way. The glass that was broken was plate glass, not safety glass, and concededly there were no markings of any kind on the clear transparent glass panels in the revolving section of the door, nor on the glass drum that enclosed it. Trial proof revealed that this same glass drum was broken on a prior occasion in 1977 and was replaced by the same type of plate glass. A Capitol Police Officer also testified to running into this same glass drum when, in the performance of duty, he was seeking to exit to Madison Avenue. The claims of the infant claimant and of her father derivatively were based on common-law negligence and on breach of the requirements of section 241-b of the Labor Law and Industrial Code Rule 47 (12 NYCRR 47.1 *et seq.*) adopted pursuant thereto. The trial court concluded that the failure of the State to mark the glass drum constituted negligence proximately causing claimant's injuries. However, the court reduced the award to the infant and her father by one half upon a finding of the infant's comparative fault in that degree. Additionally, the court found that the Labor Law statute and the rule did not apply. While we agree that the record supports a finding of negligence on the part of the State, we disagree with the finding of the trial court that section 241-b of the Labor Law is inapplicable. That section became effective January 1, 1968 and provides: "All transparent glass doors in mercantile establishments and in public and commercial buildings and structures shall be marked in such matter as shall be calculated to warn persons using the same that such doors are glass doors. The board shall make such rules as it may deem proper or necessary to carry into effect the provisions of this section." The purpose of rule 47, adopted under this statutory authority, is to require reasonable and proper markings and construction of transparent glass doors and fixed adjacent transparent glass sidelights to prevent personal injuries to persons frequenting any area or structure where such glass doors and sidelights are located (12 NYCRR 47.3). We conclude that both the statute and the rule should be construed expansively to include all transparent glass doors in both mercantile establishments and in public and commercial buildings and structures in general, and the glass drum surrounding the revolving glass door herein, in particular. We, therefore, agree with so much of the dissent as concludes that the statute and the rule are applicable in these circumstances, but we decline to construe a violation thereof as imposing absolute liability. In our opinion, the statute was not enacted for the protection of a definite class of persons from a hazard which they themselves are incapable of avoiding (*Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 244), but rather for the protection of the general public. As such, its violation is negligence if it causes or contributes to

the happening of the accident (*Martin v Herzog,* 228 NY 164). In such a case contributory negligence will either defeat the plaintiff's recovery (*Utica Mut. Ins. Co. v Mancini & Sons,* 9 AD2d 116) or, in regard to accidents happening after September 1, 1975, reduce recovery in proportion to the plaintiff's comparative fault (CPLR 1411). This view is further supported by the rule-making authority contained in the last sentence of the statute, the violation of such rule being considered as merely some evidence of negligence which does not render a plaintiff's own contributory negligence irrelevant as a defense (*Long v Forest-Fehlhaber,* 55 NY2d 154, 160). Therefore, the determination by the Court of Claims which reduced claimants' damages by one half on the basis of the infant claimant's own negligence was correct and should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Casey and Levine, JJ., concur.

Sweeney and Yesawich, Jr., JJ., dissent and vote to modify in the following memoradum by Sweeney, J. Sweeney, J. (dissenting). While our disagreement with the majority is a narrow one, it is substantial and we are unable to vote to affirm. In our view, this statute was designed to protect a definite class of persons from mistaking a glass door for open space and sustaining injuries as a result of a collision with a glass door due to their inability to perceive it as such. This is precisely what happened to this infant claimant and, consequently, absolute liability attaches (see *Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239). Accordingly, the Court of Claims improperly reduced the amount of recoverable damages by one half on the basis of the infant claimant's own negligence. The judgment should, therefore, be modified so as to increase the amount of the judgment to the full amount of damages as determined by the Court of Claims.