■ RUTH A. WEBER, as Administratrix of the Estate of JOSEPH P. WEBER, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63897.) — Appeal from a judgment of the Court of Claims (McCabe, Jr., J.), entered October 17, 1983, which dismissed the claim.

Claimant's decedent, while being transported to a mental hospital, was shot and killed by a State trooper during his escape attempt in which decedent had gained possession of one trooper's revolver and shot at the second trooper. Claimant commenced two actions for wrongful death on behalf of decedent's estate; one in the United States District Court and the other in the New York Court of Claims. In the Federal action, the complaint against the State was dismissed on jurisdictional grounds and the complaint against the two troopers was dismissed after a jury verdict in their favor. It has been conceded that because the issue of the troopers' negligence had been decided in the Federal action, any liability on the part of the State in the instant action under the *respondeat superior* doctrine would be barred by collateral estoppel.

Because of the narrow issue before the trial court, the transcript contains little factual information of the incident. However, it appears that the following facts, which were gleaned

from the transcript and the briefs, are reliable and uncontroverted in any significant respect. On the morning of the incident, decedent telephoned a local State mental health hospital and stated that he needed help because of severe depression and that, without help, he was fearful that he might take his own life as well as the lives of members of his family. The hospital notified the State Police, who went to decedent's home and took him to a general hospital for observation and diagnosis by a physician. The doctor diagnosed decedent as being mentally ill to the extent that he might be dangerous to himself or others unless committed to a mental institution. A commitment order was signed and the State Police took custody for the purpose of his transportation to the State hospital. He was placed in the front seat of a squad car next to the trooper-driver. A second trooper sat in the back seat. That vehicle, as well as all other State Police vehicles, was not equipped with any special equipment to keep a detainee locked in the back seat compartment. En route, and when the car was stopped at an intersection, decedent bolted from the police car and attempted to escape. The trooper who had been seated in the rear seat gave immediate chase and attempted to overpower decedent physically. During the scuffle, decedent gained possession of that trooper's revolver and fired a shot at the trooper-driver who had joined the chase. That trooper returned the fire and decedent was killed.

Prior to the trial, in ruling upon a motion to dismiss the claim against the State, the Court of Claims ruled in favor of claimant but limited the issue as to whether there was actionable negligence on the part of the State Police in the manner that it equipped its cars to be used to transport mentally ill detainees. Claimant contended that police cars used to transport such detainees should have been equipped with some type of partition between the front and back seats and that the means of unlocking the rear doors from the inside be eliminated. Her reasoning was that without such equipment it was reasonably foreseeable that a mentally ill detainee might escape. The precise results of an escape need not be foreseeable to establish liability.

A retired police officer of high rank in the New York City Police Department testified as an expert on behalf of claimant. He concluded that the proper method of transporting mentally ill detainees was as contended by claimant. He also stated that a number of New York City police vehicles had been so equipped until budgetary difficulties had prevented a continuation of that policy.

A member of the State Police, also with high rank and long experience, testified on behalf of the State. It was his opinion

that mentally ill detainees could be transported securely in police cars not equipped in the manner urged by claimant. He also explained that the nature of State Police activities was such that police cars equipped with back seats converted into "cages" would be inappropriate in most circumstances. Troopers must keep numerous items of equipment readily available to them at all times and a partition screen between the front and back seats would severely limit their availability. State Police cars are used frequently to transport persons injured in automobile accidents and motorists immobilized because of automotive failures. He further testified that escape of any person being transported in cars as they are equipped was very rare.

After trial, the trial court dismissed the claim for the reason that claimant failed to sustain her burden of proof. This appeal ensued in which claimant's principal contention is that the trial court inappropriately relied upon *Weiss v Fote* (7 NY2d 579). Claimant contends that the trial court relied *exclusively* upon that case. We disagree. It is apparent that the trial court's decision took into consideration the principles which guided the court in *Weiss*. Claimant properly pointed out that there was no evidence that the policy of the State Police in equipping its vehicles as it does was the result of the "lawfully authorized deliberation * * * of [an] executive bod[y]" as contemplated in *Weiss* (*supra,* p 585). On the other hand, there was no evidence in the record which, if placed before such an executive body for deliberation, would have been sufficient for the establishment of the policy urged by claimant. There was no evidence of any prior escape by a mentally ill detainee being transported by the State Police.

The issue of negligence was determined by the trial court after weighing the expert testimony. It is for the trier of fact to make a determination as to the credibility of witnesses and to resolve questions of fact (*Felt v Olson,* 74 AD2d 722, 723, affd 51 NY2d 977; *Lattanzi v State of New York,* 74 AD2d 378, affd 53 NY2d 1045; Richardson, Evidence [10th ed], § 368, p 343).

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.