■ STEVEN MOFFATT, Respondent, v ARLEN REALTY MANAGEMENT, INC., et al., Appellants. — Kane, J. P. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 5, 1984 in Albany County, upon a verdict rendered at a Trial Term (Cobb, J.).

Plaintiff's verdict in the sum of $750,000 for injuries received as a result of a fall upon snow-covered ice in a parking lot owned, maintained and under the control of defendants was reduced upon motion by defendants and pursuant to stipulation and consent of plaintiff to the sum of $550,000. On this appeal, defendants contend that the verdict is still excessive and, in addition, that the jury was in error in finding defendants 100% responsible for the injuries to plaintiff.

Plaintiff is a tenant in an apartment complex owned, operated and maintained by defendants. The terms of his lease also included the use of a parking lot which was required to be maintained by defendants. The record demonstrates that on the date of plaintiff's injuries, March 11, 1980, there was a light accumulation of snow over icy spots on defendants' parking lot, and that the area in question had not been salted or sanded, although ice had accumulated from recent storms and recurrent freezing and thawing of daily temperatures. The jury assessed the liability of defendants from this record, much of which was uncontroverted. The charge of the trial court, to which there were no exceptions or requests by the parties, was proper in all respects. We cannot say that the determination of relative responsibility by the jury was unreasonable or that the trial court improperly exercised its discretion (*see, Capelli v Prudential Bldg. Maintenance*, 99 AD2d 501; *Mann v Hunt*, 283 App Div 140).

We now reach the troublesome issue of damages. Plaintiff, a 28-year-old athletically active young man, suffered a serious,

painful and disabling injury to his ankle. The medical evidence demonstrates that his injuries are permanent; that under present circumstances the painful and disabling condition of his ankle will only progressively deteriorate over the years; and that, accordingly, ultimate relief may be obtained only from a fusion of the ankle joint itself or by possible replacement of the ankle joint, depending upon the state of the art in this area in the future. However, the jury verdict of $750,000 was, as recognized by the trial court, clearly excessive. We recognize the established rule that the action of the trial court should be given great weight, particularly because the Trial Judge has seen and heard the witnesses. However, while we concur with the trial court's conclusion that the jury verdict is so excessive as to shock the conscience of the court, it is our view that the evidence cannot sustain an award in excess of $300,000 (*see, Stewart v West Bradford Corp.*, 88 AD2d 1100; *Alber v Stevens*, 78 AD2d 722; *see also, Kusisto v McLean*, 52 AD2d 674).

Judgment modified, on the law and the facts, and a new trial ordered as to the issue of damages only, unless, within 20 days after service of a copy of the order to be entered herein, plaintiff shall stipulate to reduce the amount of the verdict in his favor to $300,000, in which event, the judgment, as so reduced, is affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.