■ CARMINE PELLEGRINO, Plaintiff, v WALKER THEATRE, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. 18TH AVENUE-64TH STREET CORP. et al., Third-Party Defendants-Appellants. (And a Second Third-Party Action.)—In a negligence action to recover damages for personal injuries, the first third-party defendant and second third-party plaintiff 18th Avenue-64th Street Corp. appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered May 15, 1986, as denied its motion for summary judgment dismissing the first third-party complaint as against it, and the first third-party defendant U.A. Eastern Theatres, Inc., appeals from so much of the same order as denied its motion for a severance of the third-party actions, and for summary judgment dismissing the first third-party complaint as against it.

Ordered that the order is affirmed, with costs.

In its third-party complaint, the subtenant of a movie theater, Walker Theatre, Inc. (hereinafter Walker), seeks indemnification against 18th Avenue-64th Street Corporation (hereinafter the owner), and its tenant, U.A. Eastern Theatres, Inc. (hereinafter the tenant), in an action brought by the plaintiff to recover damages for injuries to his hand sustained when he was struck by the glass portion of the theatre's lobby door. Included among the allegations of negligence in the plaintiff's bill of particulars were claims that the door was neither constructed of shatter-proof glass nor properly marked, i.e., that Walker "fail[ed] to warn of the hazards and dangers attendant to the use of a door".

The net lease on the subject theatre, the terms of which were incorporated in the sublease, contained a reservation of the right "to enter * * * upon the demised premises for the purpose (at its option) of complying with and executing any law, rule, order, violation, regulation or ordinance" as well as indemnification and hold harmless provisions, pursuant to which the owner and the tenant assert that they are entitled to summary judgment dismissing the third-party complaint.

We disagree. Where an owner out of possession reserves a right under the terms of a net lease to enter upon the premises for purposes of inspecting the same and making certain repairs thereon, the reservation may be deemed to constitute a sufficient retention of control and to have pro-

vided the owner with constructive notice of the defective condition so as to subject the owner to liability (see, Worth Distribs. v Latham, 59 NY2d 231, 238; Appel v Muller, 262 NY 278, 282-284; O'Neil v Port Auth., 111 AD2d 375, 377). The existence of factual issues with respect to the owner's and tenant's alleged compliance with certain Industrial Code regulations governing the construction and marking of glass doors utilized in mercantile establishments (see, 12 NYCRR 47.6, 47.7, 47.11), which would constitute evidence of negligence (see, Feisthamel v State of New York, 89 AD2d 756), precludes the granting of their motions for summary judgment (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851). The owner and tenant are not entitled to be automatically exonerated from liability, the indemnification and hold harmless provisions of the leases notwithstanding, since the exemption of a lessor from liability for his own acts of negligence is specifically prohibited by General Obligations Law § 5-321 (see, Graphic Arts Supply v Raynor, 91 AD2d 827).

Finally, the court properly denied the tenant's request for a severance of the third-party actions in the absence of a showing that it would either further "convenience" or "avoid prejudice" (CPLR 603). Niehoff, J. P., Rubin, Lawrence and Sullivan, JJ., concur.