■ MARY H. DEAN, Respondent, v ERNEST A. LONG, JR., Appellant. (And a Third-Party Action.)—Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 11, 1985 in Albany County, upon a decision of the court at Trial Term (Williams, J.), without a jury.

In August 1981, a fire damaged plaintiff's residence at 407 Clinton Avenue in the City of Albany. Defendant, a general contractor specializing in the repair of fire-damaged buildings, was hired by plaintiff to make necessary repairs to her home. Although the parties did not execute a written contract, it is undisputed that defendant agreed to perform the work for $7,500.

During the course of the work, covering a three-week period, plaintiff made three payments of $1,000 each to defendant. When the work was completed, plaintiff tendered the remaining $4,500 to defendant despite her observation of apparent defects in the quality of the work performed by defendant.

In July 1982, plaintiff engaged Thomas Martinez, a general contractor, to inspect her house and advise her if the repairs made by defendant were of workmanlike quality. After a thorough inspection Martinez concluded that defendant had not performed the repairs in an acceptable manner. He informed plaintiff that it would cost approximately $16,500 to correct defendant's work. Plaintiff commenced the instant contract action against defendant. The complaint alleged damages in the sum of $24,583.19, representing $7,500 paid to defendant pursuant to the contract and $17,083.19 for remedial repairs. Trial Term, *inter alia,* awarded damages to plaintiff in the sum of $7,093.14. This appeal by defendant ensued.

In order to ascertain the exact price of each necessary repair, Trial Term relied upon Martinez's "basic price sheet", a report Martinez compiled when he inspected the building with plaintiff. On this appeal, defendant protests the lack of evidence in the record tending to show that Martinez's estimates were fair and reasonable despite the fact that defendant himself introduced Martinez's report into evidence and it was received as defendant's exhibit A. Thus, it is clear that defendant was unable at trial to impeach the credibility of Martinez and of his pricing report. Accordingly, this issue was not preserved for appeal. Trial Term's decision to credit and rely upon Martinez's pricing report for assistance in resolving questions of fact as they related to type and cost of repairs should not be disturbed by this court *(see, Weber v State of New York,* 107 AD2d 929, 931).

Next, we reject defendant's contention that Trial Term erred in its calculation of damages. Using defendant's exhibit A, the Martinez pricing report, Trial Term concluded that

plaintiff had failed to prove damages with respect to many of the alleged defects. Further, Trial Term disallowed damages to plaintiff on the ground that certain defects had been caused by an act of vandalism and were not the fault of defendant. Finally, Trial Term found that plaintiff had proven damages in the amount of $7,093.14 for a trap and piping defect in the second floor bathroom, a defective hot water heater and certain pipes in the closets.

With respect to damages, "it is peculiarly within the discretion of the trial court to assess the qualifications of experts and the persuasiveness of testimony as to estimates and evaluations" *(National Conversion Corp. v Cedar Bldg. Corp., 23 NY2d 621, 630)*. This court has said, consistently, that it will only interfere with the trial court's measure of damages if the judgment is "clearly excessive" *(Moffatt v Arlen Realty Mgt., 109 AD2d 934, 935; see, Alber v Stevens, 78 AD2d 722)* or if it is so excessive as to shock the conscience of the court. Here, we conclude that the award of $7,093.14 was not clearly excessive. To the contrary, the evidence adduced at trial, and deemed credible by Trial Term, clearly supported the damage award.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.