OPINION OF THE COURT
David B. Saxe, J.
This reargument motion raises an issue of law which has not been directly addressed by prior case law, concerning whether an absentee landlord’s responsibility over unsafe conditions in its building extends beyond structural defects, to transient unsafe conditions. In order to consider that issue, I grant the motion for reargument, and upon reargument my decision denying Benjolo’s prior motion for summary judgment is adhered to, for the following reasons:
*1012 The law holds generally that a landlord is not responsible for claims of negligence concerning conditions on the land after transfer of possession and control of the land. However, there are exceptions to this rule of the common law.
First, an out-of-possession landlord will be liable where he has by contract agreed to make repairs (see, Putnam v Stout, 38 NY2d 607, 618; Schlesinger v Rockefeller Center, 119 AD2d 462, 463 [1st Dept 1986]).
Second, it has been held that reservation of a right of reentry to inspect and make repairs "may be deemed to constitute a sufficient retention of control and to have provided the owner with constructive notice of the defective condition so as to subject the owner to liability” (Pellegrino v Walker Theatre, 127 AD2d 574-575 [2d Dept 1987]). This principle becomes mandatory when a statute imposes the duty to repair and correct upon an out-of-possession landlord who has reserved a right in the lease to make repairs on account of later-developing dangerous conditions. That situation exists here.
It is undisputed that Benjolo is a landlord out of possession and that tenant Job Lot had contracted to maintain and repair the premises. My prior decision relied upon the landlord’s reservation of a right of reentry to inspect and repair, and the provision of the Administrative Code of the City of New York which charges building owners with responsibility for the safe maintenance of the building and its facilities (see, Administrative Code § 27-128). However, as the movant points out, the case law on the subject does not specifically pertain to temporary or transient unsafe conditions caused by the tenant, but rather concerns structural defects of a permanent or long-term, rather than transitory, nature. I did not, in my prior decision, consider the point raised now by the landlord that the existing condition, one of a transitory nature and not a permanent structural defect, should not render the landlord liable under the stated rule.
In Guzman v Haven Plaza Hous. Dev. Fund Co. (69 NY2d 559 [1987]), recovery against the landlord (out of possession) was upheld where the unsafe condition was a dimly lit staircase and a handrail too close to the wall (see also, Worth Distribs. v Latham, 59 NY2d 231, 238; Tkach v Montefiore Hosp. for Chronic Diseases, 289 NY 387; Pellegrino v Walker Theatre, 127 AD2d 574, supra [alleged defect in premises was a glass door which was not marked nor constructed of shatter proof material]).
*1013 The alleged defect in this case was created by permitting the basement storage area to be used for the stacking of boxes and cartons in an insecure and careless manner. It is Benjolo’s contention that (1) the Administrative Code provision relied upon must be construed as pertaining only to the safe maintenance of the building’s structure and facilities, rather than the safe arrangement of its contents; and (2) the owner’s degree of responsibility derived from its right of reentry to inspect and repair must be limited to responsibility for the condition of the building’s structure.
I believe that the breadth of Administrative Code § 27-128 is not limited to the structure of the building itself. The provision holds the building owner responsible for "the safe maintenance of the building and its facilities.” That phrase may also be understood to mean that if an unsafe condition is maintained with regularity anywhere on the premises of the building, the owner is responsible. Thus, although the unsafe condition is not structural, and may be remedied in minutes by cleanup or the rearranging of boxes, this Administrative Code provision may still be utilized to render the landlord legally responsible.
Accordingly, I conclude that under these circumstances, the case cannot be dismissed against Benjolo, the out-of-possession landlord.