■ PHILLIP R. SERGIO et al., Respondents, v BENJOLO N.V., Appellant and Second Third-Party Plaintiff-Appellant, and PUSHCART, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant and Second Third-Party Defendant.—Appeal from the order of Supreme Court, New York County (David B. Saxe, J.), entered August 17, 1989, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212, unanimously dismissed as superseded by the appeal from the order entered April 3, 1990, without costs. Order of the same court entered

April 3, 1990, which granted reargument and adhered to the initial determination, unanimously affirmed, with costs.

Plaintiff, an employee of a contractor constructing a new elevator in 412 Fifth Avenue, was allegedly injured in the basement of the building when stacked cartons fell beneath the wheels of his tool box, causing it to come to a sudden stop and throw plaintiff to the ground. The building is owned by defendant Benjolo, and was leased at the time of the accident to defendant Job Lot Trading Co., Inc. under an instrument which obligated the tenant to repair and maintain the premises. The IAS court denied Benjolo's motion to dismiss on the ground that the out-of-possession landlord retained responsibility for the safe maintenance of the premises under Administrative Code of the City of New York § 27-128 and its right under the lease to reenter the premises to make repairs.

We need not pass upon the rationale employed by Supreme Court in denying the motion as it is clear to us plaintiff has a viable cause of action under Labor Law § 241 (6) and Industrial Code (12 NYCRR) rule 23-1.7 (e). Neither the owner's lack of control over the work nor over the premises vitiates this statutory responsibility (Sperber v Penn Cent. Corp., 150 AD2d 356). This responsibility extends not only to the point where the elevator work was actually being conducted, but to the entire site, including passageways utilized in the provision and storage of tools, in order to insure the safety of laborers going to and from the points of actual work (Nagel v Metzger, 103 AD2d 1). Plaintiff adequately raised this point on the motion by invoking the concept of a safe place to work, and in any event, the issue arises both from the face of his affidavit in opposition to the motion and deposition testimony in the record (Matter of Knickerbocker Field Club v Site Selection Bd., 41 AD2d 539). Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ. [See, 146 Misc 2d 1011.]