■ JOHN B. COMPANI et al., as Guardians and Natural Parents of JOHN P. COMPANI, an Infant, Respondents, v STATE OF NEW YORK, Appellant.—Crew III, J. Appeal from a judgment in favor of claimants, entered April 8, 1991, upon a decision of the Court of Claims (I. Margolis, J.).

On May 27, 1984, while at Northampton Beach State Park in Fulton County, claimants' four-year-old son fell from a slide sustaining a displaced fracture of the left elbow. Claimants brought this action against the State and, as the result of a bifurcated trial, the Court of Claims found the State liable and thereafter awarded $241,000 for the infant's injuries, broken down as follows:

| | |
|---|---|
| Future economic loss | $ 14,000 |
| Loss of household services | 30,000 |
| Past pain and suffering | 22,000 |
| Future pain and suffering | 175,000 |
| Total | $ 241,000 |

The State appeals from the judgment on the ground that it is excessive. The State does not, however, dispute that portion of the judgment which awarded the infant $14,000 for future economic loss. This being a nonjury case, this court has the authority to find damages where, as here, the record is complete *(see, Mesick v State of New York,* 118 AD2d 214, 220, *lv denied* 68 NY2d 611).

The evidence on behalf of the infant revealed that he sustained a displaced fracture of the left elbow requiring closed reduction under general anesthesia for which he was hospitalized for two days. His cast was removed 26 days later. The proof further indicated that at the time of trial, the

infant's range of motion had stabilized to 120 degrees of flexion and that the normal range is 140 degrees of flexion, thus resulting in a permanent loss of motion. He also sustained a permanent 15-degree cubitus varus deformity of the elbow. The infant's physician testified that the infant had a permanent enlargement of his elbow with a permanent functional impairment. Additionally, the physician testified that the injury will result in the infant putting greater stress on his elbow and shoulder with a likelihood that he will develop arthritis in the ensuing 20 to 30 years. Because of the injury and resultant physical impairment, the infant will have to abduct his shoulder more and abduction of the shoulder is one of the major causes of bursitis. As a result, the physician was of the opinion that the infant would experience pain and discomfort throughout his life. Finally, there was evidence that the infant might require further surgical intervention in five or six years. Of note is the fact that the State offered no medical evidence to refute claimants' proof (see, Stewart v West Bradford Corp., 88 AD2d 1100). The State did, however, call Kenneth Reagles, who had a Ph.D. in rehabilitation counseling psychology, who testified that the infant will continue to experience psychological reactions as a result of his disability as well as pain for the duration of his life, which will result in a loss of quality of life.

Given the permanent nature of the injury, the pain that the infant will be expected to experience over the span of his life, the expectation of the development of further sequela (arthritis and bursitis) as a result thereof and his tender years at the time of trial, we cannot say that the award was excessive.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the judgment is affirmed, with costs.