■ JOHN CASTELLANO, Respondent, v CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Nahman, J.), dated March 14, 1990, which, upon a jury verdict finding it 80% at fault in the happening of the accident, and upon a jury verdict, modified by stipulation dated February 21, 1990, finding that the plaintiff had suffered damages in the amount

of $1,040,000 ($500,000 for pain and suffering, $525,000 for loss of future earning capacity, and $15,000 for future medical expenses), is in favor of the plaintiff and against it in the principal sum of $832,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by reducing the sum awarded to the plaintiff to the principal sum of $432,000, representing the defendant's proportionate share of the damages for loss of earnings and future medical expenses, and adding thereto a provision severing the plaintiff's claim for damages for pain and suffering and granting a new trial with respect thereto unless the plaintiff serves and files in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation signed by him consenting to decrease the verdict as to damages for pain and suffering from $500,000 to $200,000, and to the entry of an amended judgment accordingly awarding the plaintiff the principal sum of $592,000; as so modified, the judgment is affirmed, without costs or disbursements, and the plaintiff's time to serve and file the stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event the plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff, a police officer, sustained an injury to his knee when he fell on a patch of ice on a sidewalk leading from the precinct to the police parking lot. He was diagnosed as suffering from chondromalacia patellae, a roughening of the back of the kneecap, and had two arthroscopic surgical procedures performed on his knee. His treating physician, Dr. Robert Garroway, opined that the plaintiff would require future surgery, in addition to a possible removal of the kneecap, and that he would suffer arthritic changes in the knee as well. The parties stipulated that the plaintiff was partially disabled and unable to perform police work.

Following a bifurcated jury trial, the plaintiff was awarded $832,000, after a jury's total award of $1,057,000 ($500,000 for pain and suffering, $17,000 for loss of earnings to date, $525,000 for loss of future earning capacity, and $15,000 for future medical expenses) was reduced by deleting the $17,000 award for loss of earnings to date and by allowing for the plaintiff's 20% fault in the happening of the accident.

The defendant contends that the jury's assessment of the comparative fault of the parties was against the weight of the evidence. We disagree. Although the plaintiff did walk on the sidewalk knowing that there was an icy condition present

there, no evidence was presented to demonstrate that there was a safer path which he could have taken to his squad car. Moreover, there was ample evidence from which the jury could conclude that the defendant negligently permitted the dangerous, icy condition to persist for an unreasonable period of time. Therefore, we find that the jury's apportionment of 20% of the fault to the plaintiff and 80% of the fault to the defendant was not against the weight of the evidence.

We also find that the trial court correctly declined to reduce the plaintiff's damages for loss of future earning capacity by the income he expected to receive from collateral sources (see, CPLR 4545 [b]; *Ryan v City of New York,* 79 NY2d 792).

However, we find that the damages for pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case (see, CPLR 5501 [c]; see generally, *Menga v Raquet,* 150 AD2d 434; *Tejada v City of New York,* 129 AD2d 697; *Holshek v Stokes,* 122 AD2d 777).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.