■ ALIMAMY E. KAMARA, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 1.) ALIMAMY E. KAMARA, Respondent, v CITY OF NEW YORK, Appellant. (Action No. 2.) [749 NYS2d 153] —In two related actions, inter alia, to recover damages for false arrest and false imprisonment, which were consolidated for trial, the defendant appeals from a judgment of the Supreme Court, Kings County (R. Rivera, J.), entered June 18, 2001, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages of $400,000 for past pain and suffering resulting from the November 1994 incident, and damages of $100,000 for past pain and suffering resulting from the April 1996 incident, is in favor of the plaintiff and against it in the principal sum of $500,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted on the issue of damages only, unless within 20 days after service upon him of

a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering resulting from the November 1994 incident from the sum of $400,000 to the sum of $300,000 and for past pain and suffering resulting from the April 1996 incident from the sum of $100,000 to the sum of $50,000 and to the entry of an appropriate amended judgment in his favor; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

The defendant did not preserve for appellate review its contention that it was entitled to judgment as a matter of law on the issue of liability. By failing to move for judgment as a matter of law pursuant to CPLR 4401 at the close of evidence, it implicitly conceded that the issue was for the trier of fact (*see Miller v Miller,* 68 NY2d 871, 873; *see generally Cohen v Hallmark Cards,* 45 NY2d 493). Further, the verdict was supported by a fair interpretation of the evidence and should not be disturbed (*see Nicastro v Park,* 113 AD2d 129).

However, the damage awards for past pain and suffering are excessive because they deviate materially from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]; *see generally Burton v New York City Hous. Auth.,* 191 AD2d 669; *Castellano v City of New York,* 183 AD2d 800). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.